[No. 682.    September 1, 1896.]

## TERRITORY OF NEW MEXICO, APPELLEE, v. AGUSTIN LERMO, APPELLANT.

CRIMINAL LAW—JURY, PETIT—CHALLENGES.—In a capital case, when less than twelve jurors are in the box, and the regular panel is exhausted, to compel defendant to pass peremptorily on such jurors, before a special venire is drawn, qualified, and the names are in the box, from which the clerk may draw, and fill the panel, is reversible error.    Laws 1889, p. 26, sec. 24; Territory v. Barrett, 8 N. M. at p. 77.

ID.—MURDER—CIRCUMSTANTIAL EVIDENCE, FAILURE TO INSTRUCT AS TO. In a murder trial, where the evidence was wholly circumstantial, it was the duty of the court to instruct the jury fully as to the law of circumstantial evidence, and its failure to do so was prejudicial to the rights of defendant.

ID.—MURDER—CIRCUMSTANTIAL EVIDENCE—REFUSED INSTRUCTION.—In such case, an instruction offered by defendant that where circumstances alone are relied on for a conviction, they must be such as to apply exclusively to defendant, and such as are reconcilable with no other hypothesis than that of defendant's guilt, and must satisfy the jury of his guilt beyond a reasonable doubt, fairly presented the law, and should have been given.

APPEAL, from a judgment of conviction for murder, from the Fifth Judicial District Court, Eddy County.    Reversed, and new trial granted; COLLIER, J., and BANTZ and HAMILTON, JJ., concurring in the result.

The facts are stated in the opinion of the court.

A. A. FREEMAN and A. S. BATEMAN for appellant.

While the precise question may not have been at issue there, it was strongly intimated by this court in a recent decision that it understood the rule to be that a defendant in a capital case could not be required to exercise his peremptory challenges on a body composed

of less than twelve jurors or a full panel.    Territory v. Barrett, 8 N. M. 70.

The court erred in refusing to give a proper charge on the subject of circumstantial evidence, and the instruction offered by defendant.    Comm. v. Webster, 5 Cush. 317; Clare v. People, 9 Colo. 124; Scott v. State, 19 Tex. App. 331; 24 Pac. Rep. 1006; 2 Thomp. on Trials, 2511, 2512, 2513; Johnson v. State, 18 Tex. App. 385; Walbridge v. State, 13 N. W. Rep. 209; U. S. v. Wright, 16 Fed. Rep. 112; Schuster v. State, 27 Ind. 394;   U. S. v. Cole et al., 5 McLean. 601;   U. S. v. Williams, 2 Id. 259; Sumner v. State, 5 Blackf. 580; Turner v. State, 4 Lea, 207;   People v. Murray, 41 Cal. 67;  Dassett v. U. S., 41 Pac. Rep. 608, and citations; State v. Gleim, 41 Pac. Rep. (Mont.) 998.

JOHN P. VICTORY, solicitor general, for the territory.

Known or obvious irregularity in the process of impaneling a jury must be objected to at the time, and not on motion for a new trial or in arrest of judgment. 1 Thomp. on Trials, sec. 113, and citations; State v. Slack, 1 Bailey (S. C.), 330; Comm. v. Stowell, 9 Metc. (Mass.) 572; Bristow's Case, 15 Gratt. (Va.) 634; Clough v. State, 7 Neb. 320; Gardenshire v. State, 6 Tex. App. 147, 151; Boyd v. State, 17 Ga. 194; State v. Ward, 2 Hawks (N. C.), 443; Dayharsh v. Enos, 5 N. Y. 531; State v. Brown, 12 Minn. 538; James v. State, 53 Ala. 380.

When all the instructions, taken together, give a correct statement of the law applicable to the facts of the case, they will be held good, though some of them do not contain in themselves the proper limitations and conditions required by the facts.    People v. Clark, 24 Pac. Rep. 313; U. S. v. Tenney, 11 Id. 472; U. S. v. Christofferson, Id. 480.

LAUGHLIN, J.—The defendant, Agustin Lermo, was indicted, tried and convicted of murder in the first degree, at the November, 1895, term of the district court for the county of Eddy in this territory, on the charge of having on the ninth day of May, 1894, shot and killed Assaa Toma. After motions for a new trial and in arrest of judgment had been heard by the court and denied, the defendant was sentenced to be executed in the manner prescribed by the law; from which rulings of the court an appeal was prayed and granted, and the case is here for determination on the alleged errors in the court below.

The record discloses that all the facts in this case upon which appellant was convicted were purely cirsumstantial. It appears that the body of the deceased, Assaa Toma, was found some seven or eight hours after the supposed time of the homicide in the bed or channel of the Delaware river, which at the time was dry, with a coat and some weeds thrown over it, with a gunshot wound in the head and one in the body and one in the arm, with indications on the ground that deceased had been killed at the wayside and the body dragged some distance from the place of the killing, and there partially concealed. Some ten days after homicide defendant was arrested in the state of Texas, and a watch identified as the property of the deceased found in his possession. And also some articles of jewelry concealed on the inside of the vest of the defendant and a number of other articles such as are usually sold by peddlers were also found in defendant's possession at the time of the arrest. It also further appears that the deceased was an Assyrian peddler, and was seen in the neighborhood of the place of the homicide plying his trade the morning of the day that the body was found in the afternoon about 3 or 4 o'clock.

The defendant did not testify nor did any witness testify in his behalf. The testimony upon which defendant was found guilty of murder in the first degree was purely circumstantial, as there was no eyewitness to the homicide, nor was the defendant seen in the neighborhood of the place where the killing occurred or at or near the time when it is supposed to have taken place. The possession of deceased's watch by the defendant and his flight, both of which facts were unexplained by the defendant, were the most damaging, and in fact almost all the testimony in the record which authorized a conviction in the case.

The record and bill of exceptions in this case are in so bad a condition, and so carelessly prepared that it is almost impossible to ascertain with any degree of certainty just what was done in the matter of taking exceptions in the court below during the proceedings of the trial.

On page 3 of what purports to be the bill of exceptions we find this entry:

"The regular panel of the petit jury having been exhausted by reason of the challenges exercised by the parties, the plaintiff asks the court to require both parties to pass peremptorily on the jurors in the box before issuing a special venire. Which motion is by the court sustained. Whereupon the defendant then and there duly excepted."

And on page 7 of what seems to be the record INTER ALIA we find this:

"And both parties announcing themselves ready for trial, the following named members of the petit jury are duly drawn, accepted and impaneled, to serve as jurors for the trial of the issues joined in this cause pending, to wit: A. J. Allen, W. L. Webster, J. S. Crozier, John Ruark, A. J. Froman, J. C. Anderson," thus leaving only six jurors in the box when the special venire was ordered.

Then follows an order for drawing and serving a special venire. But there is no mention of this error, for such it is, in the motion for a new trial, and it was not called to the attention of the trial judge, and he was given no opportunity to correct his rulings on this exception, the very purpose for which a motion for a new trial is made and intended. People v. Phipps, 39 Cal. 326.

The error above referred to is assigned as the second error in appellant's brief and authorities cited in support thereof. The language of the statute on that subject is as follows: "Section 24. \* \* \* Provided, further, that no defendant shall be required to exercise any peremptory challenge as to any particular juror until the territory shall have finally passed upon and accepted such juror." Laws 1889, page 26.

JURY, petit: challenges.

The defendant is entitled to have the full panel in the box all the time, and he is not required to exercise any peremptory challenge on any one of the jurors until the prosecution has accepted the juror. And where the regular panel in the box is reduced to eleven men then the defendant is not required to proceed further, when the regular panel becomes exhausted, until a special venire is drawn, qualified and the names are in the box from which the clerk may draw and fill the panel in the jury box. This was so held in this court. Territory v. Barrett, 8 N. M. 70 But the record, bill of exceptions and motion for new trial was, in that case, if possible, in a worse condition than in this case; and it was shown in that case that defendant's counsel did not as in this case, object, and took no exception, and the error could not be availed of by the defendant or the court. The error complained of here is clearly reversible, and if there were no other errors sufficient to sustain a reversal it might, in a case of this gravity, be available on review.

The facts in the case being purely circumstantial, it was the duty of the court to instruct the jury fully on the law of circumstantial evidence; this the record shows the trial court did not do, and by reason of such failure manifest error prejudicial to the rights of the defendant has intervened and the case must be reversed.

MURDER: circumstantial evidence, failure to instruct as to.

Counsel for appellant requested the court to give the following instruction, to wit: "The court instructs the jury that where circumstances alone are relied upon by the prosecution for a conviction, the circumstances must be such as to apply exclusively to the defendant, and such as are reconcilable with no other hypothesis than the defendant's guilt, and they must satisfy the minds of the jury of the guilt of the defendant beyond a reasonable doubt."

CIRCUMSTANTIAL evidence: refused instruction.

This instruction fairly stated the law and the weight to be given to circumstantial evidence, where there is no direct evidence, and to exclude it from the jury was error, especially where there is no other instruction given substantially covering the same subject. The history and experience of criminal jurisprudence establishes that two essential elements in the case must be proved. First, the identity of the CORPUS DELICTI, and, second, the identity of the accused, before a conviction in any grade is warranted. 3 Green. Ev. 30. And while these essential facts may be proved by circumstantial evidence, yet it is a well established principle that it is necessary to caution the jury in a proper instruction as to the weight and effect to be given the circumstances detailed by the witnesses, to establish these first and most important elements tending to establish the crime as charged. Turner v. State, 4 B. J. La. 206; Dasset v. United States, 41 Pac. Rep. 608; Com. v. Webster, 5 Cush. 317; Graver v. People, 32 Pac. Rep. 63; People v. Murray, 41 Cal. 66.

"We are further of the opinion that inasmuch as the evidence in the case was wholly circumstantial, the jury should have been instructed as to the nature and conclusiveness of that character of testimony to warrant a conviction upon it." Struckman v. State, 7 Tex. App. 581; People v. Phipps, 39 Cal. 326.

For the foregoing reasons the judgment of the lower court is reversed, and a new trial granted. And an order will be made accordingly.

COLLIER, J. (concurring).—I concur in the reversal of this case especially upon the ground of the court's failure to instruct as to circumstantial evidence, as to the selection of the jury. I concur only for the reason that this procedure should be considered as established by Territory v. Barrett, supra. I am not prepared to say that, under the act of 1889, this manner of selection was not authorized.

HAMILTON, J. (concurring).—I concur for the reason given by Justice COLLIER.

BANTZ, J. (concurring).—I concur in the reversal of this cause because the record does not show that an instruction as to circumstantial evidence was given.