[No. 1977a.　September 13, 1917.]

## STATE v. BLACKLOCK.

### SYLLABUS BY THE COURT.

1. It is a matter of discretion with the trial court whether or not to strike out, on motion, evidence which has been admitted without objection.　　P. 253

2. A crime is not committed if the mind of the person doing the unlawful act is innocent, and therefore it is stated that a guilty intent must be proved. A guilty intent, however, may be inferred from the act, and such inference is one to be drawn by the jury, and not an implication of law to be applied by the court.　　P. 253

Appeal from District Court, San Juan County; Abbott, Judge.

Foster Blacklock was convicted of unlawfully injuring a building, and he appeals. Affirmed.

J. M. Palmer and Walter M. Danburg, both of Farmington, for appellant.

As to criminal intent.

State v. Alva, 18 N. M. 143; People v. Devine, 30 Pac. 378; State v. Chaves, 19 N. M. 575; Bayhouse v. Urquides, 105 Pac. 1066.

Conviction will not be upheld if there is no substantial evidence to support it.

State v. Griggs, 150 Pac. 921; State v. Graves, 157 Pac. 166.

R. H. Crews, Assistant Attorney General, for the State.

## STATEMENT O FFACTS.

The appellant, Foster Blacklock, was charged in a justice of the peace court of San Juan county with having on October 15, 1915, unlawfully injured a building belonging to the Farmington Fair Association. The defendant offered no evidence, and on conviction appealed to the district court, where he was again convicted on trial before a jury. From the judgment and sentence of the district court he has prosecuted this appeal.

It appears that in 1904 the Farmington Fair Association purchased a 20-acre tract of land. The appellant, Blacklock, owned a tract of land immediately south of this tract, which was purchased by the Farmington Fair Association. In 1912 the Association, not being able to meet the balance due Blacklock, reconveyed to him the tract of land purchased from him, and on the day charged appellant sent an employe to take down the grand stand and move the lumber therein to Blacklock's home.

There is a conflict in the evidence as to the location of the grand stand, viz., as to whether it was located on the first property purchased by the Fair Assoication or on the property subsequently purchased from Blacklock.

## STATEMENT OF FACTS.

HANNA, J. (after stating the facts as above). The first question argued by appellant in his brief is as to the ownership of the building, it being contended that ownership can only be proven by legal and competent evidence, and that the only evidence of ownership of the building

which appellant is charged with having injured was the evidence of the witness Griffin, who testified that he was the president of the Farmington Fair Association, and that such association was the owner of the 20-acre tract of land upon which the grand stand was located. No doubt this testimony of the witness was not the best evidence, but no objection was interposed at the time of its introduction. The appellant first attempted to raise his objection by a motion to direct a verdict at the conclusion of the state's case in chief. This was too late. If the evidence was objectionable at the time of its introduction, this objection should have been called 'to the attention of the trial court, in order that a ruling might have been had upon the objection at that time.

In the case of State v. McKnight, 21 N. M. 14 ,at 29, 153 Pac. 76 ,at 79, this court said:

"In order that the trial of a cause of this importance may be conducted in an orderly way, without incumbering the record with a great deal of immaterial, irrelevant, or incompetent testimony, to be subsequently stricken from consideration by the jury, which would have a tendency to bring about an almost certain state of confusion in their minds, it is necessary that the parties to the cause be required to make timely objection, not only that the jury may not be confused, but in fairness to the opposing side, and in order that the attention of the court may be directed to the objection at the time the quesion is under consideration and all the facts clearly apparent to all parties and the court."

[1] The court thereupon concluded that it is a matter of discretion with the trial court whether or not to strike out, on motion, evidence which has been admitted without objection. The motion to direct a verdict was, in effect, a request to strike the testimony as to ownership, objection to which, as indicated, had not been interposed. Doubtless because the evidence was before the jury without objection, the court overruled the motion for a directed verdict which was based on the ground that there was no evidence as to ownership. In this the trial court was not in error.

[2] It is next urged that no criminal intent was proven, but that, on the contrary, the evidence disclosed that the appellant acted in good faith, under the belief that the

building in question was located on his own land. Generally speaking, a crime is not committed if the mind of the person doing the unlawful act is innocent, and therefore it is stated that a guilty intent must be proved. A guilty intent, however, may be inferred from the act, and such inference is one to be drawn by the jury and not an implication of law to be applied by the court. 8 R. C. L. 61. Cyc. lays down the rule in the following language:

"As a general rule, where an act is prohibited and made punishable by statute, the statute is to be construed in the light of the common law and the existence of a criminal intent is essential." 12 Cyc. 148. Bishop on Stat. Crimes, § 132.

The offense charged against appellant was based upon a statute, and, assuming that criminal intent must be shown, yet it does not appear that appellant has just ground for complaint. So far as the record in this case discloses, there is no question but that he was removing the building from land not owned by him, a fact which the jury could assume or infer was known to him, and from which circumstances the jury, in our opinion, would be justified in assuming that he intended to injure the property of the Fair Association, the owner of the building. Other evidence tended to bring home to him a knowledge of the facts inconsistent with a lack of intent. Therefore appellant has no right to complain, and cannot be heard to say that his guilty intent has not been directly proven, as the jury can doubtless find the existence of such intent from all the facts and circumstances connected with the transaction.

It is finally argued that there is no substantial evidence warranting a verdict of guilty. After an examination of the record we cannot agree with this contention, but must hold that there is substantial evidence to support the verdict.

The judgment of the district court is therefore affirmed, and it is so ordered.

PARKER and ROBERTS, JJ.. concur.