STATE v. ALFRED ANTHONY OLIVER, Appellant.—No. 39675.—195 S. W. (2d) 484.

Division One, June 10, 1946.

Rehearing Denied, July 8, 1946.

*Carl E. Starkloff* and *Lauf & Bond* for appellant.

*J. E. Taylor,* Attorney General, *William C. Blair* and *Arthur M. O'Keefe,* Assistant Attorneys General, for respondent.

174

 CLARK, J.—Defendant appeals from a conviction for burglary and larceny in the circuit court of Warren County, and assigns as the sole ground of error the insufficiency of the evidence to support the verdict and judgment.

On the night of April 24, 1941, the house of Father Dames, a priest, near Dutzow, in Warren County, near the St. Charles county line, was broken into and a radio, money and articles of personal property stolen. The priest and his housekeeper, Mrs. Totsch, were absent at the time. On the 8th day of August, following, officers searched the farm home of defendant in St. Charles County. Near the barn they found a piece of a radio cabinet. In the house in a dresser drawer they found a pin awarded by a mercantile company for five years' employment which Mrs. Totsch testified belonged to her. In a closet or passage-way between two rooms an officer removed a small rug or piece of carpet from the floor and discovered a trap door leading to an excavation under the house, about six or seven feet long and four and one-half feet deep, in which defendant was hiding. In this excavation the officers found the inner portion of a radio which both Father Dames and Mrs. Totsch identified as a part of the stolen property by its general appearance and by a peculiar squeak it emitted when tuned to a certain station. This was corroborated by the dealer who sold the radio to Father Dames and who later installed three tubes which he testified were still in it when recovered. Father Dames testified the radio was a heavy cabinet model which would require more than one person to remove from his house.

One of the officers who arrested defendant gave the following testimony:

"A. Well, when we got him out from underneath the floor and we were outside, him and I went over by ourselves, and I told him he just as well come on and get clean and be done with it, and he said, 'I never stole a thing in Warren County'. And I said, 'How about Dutzow?' And he said, 'That is not in Warren County'. And I said, 'Yes, it is'. And he said, 'Well, it must be awful close to the line'."

For defendant, testimony was given by his wife and two sons to the effect that a man named Ray Cooper worked on the farm at odd times during 1941; that he slept in the barn in mild weather and in a cabin in motor camp a few miles away in cold weather; that he had the radio in the barn for a while, but couldn't make it work and sold it to defendant's son; that this son kept the radio in the excavation under the house and he and defendant worked on it at different times; that defendant's oldest son was arrested on July 8 for the burglary, but was not prosecuted; that the same day or the next day after this arrest Cooper disappeared and was not seen thereafter. Another witness testified that he had seen Cooper at the farm. Defendant did not testify.

In rebuttal an officer testified that he had searched over the county for a man named Ray Cooper and could find no one who knew him; that the records of the motor camp did not show that such a person ever stayed there.

A generally accepted rule of evidence is that recent, exclusive possession of stolen property, unexplained, creates an inference of guilt. Appellant says the rule is inapplicable here because: (1) the property alleged to have been stolen was not sufficiently identified; (2) possession was too remote; (3) was explained; (4) and was not exclusive.

As we view the evidence there is no merit in the first three points made by appellant. Three witnesses positively identified a portion of the stolen property and gave their reasons. The credibility and weight of this was for the jury. What is meant by ''recent possession'' must be determined from the facts in each case and may vary from a few days to many months. [State v. Jenkins (Mo.), 213, S. W. 796.] Here the property was not discovered in defendant's possession for about three months after the burglary, but evidence offered in defendant's behalf shows that the property had been on defendant's farm with his knowledge for some time before it was discovered by the officers. Under the facts here the possession was ''recent,'' and the jury was not required to believe the explanation offered on behalf of defendant. [State v. Denison, 352 Mo. 572, 178 S. W. (2d )449, l. c. 454.]

The defendant's main point is that his possession was not exclusive. It is true that other members of the household had access to the stolen property, but it was also clearly proved that a part of the stolen property was on defendant's premises with his conscious knowledge; that he had worked on the radio; that it was discovered within actual physical reach of defendant and under circumstances which might well lead the jury to believe that both the stolen property and the defendant were being hidden from the officers. Also the defendant's qualified denial to the officer, heretofore quoted,

seems to be a denial of the venue of the crime rather than the fact of its commission.

To create an inference of guilt, the term "exclusive" does not mean that the possession must be separate from all others provided there is other evidence to connect defendant with the offense. [12 C. J. S., p. 738, sec. 59b; State v. Wyre (Mo.), 87 S. W. (2d) 171.] The facts here may indicate that more than one person committed the crime, but they are sufficient to authorize the jury to find that defendant was one of the guilty persons.

We have read the cases cited by appellant and find nothing in them contrary to the views we have expressed.

The judgment is affirmed. All concur.