286 P.2d 1076

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Harley LAWSON, Defendant-Appellant.**

**No. 5903.**

Supreme Court of New Mexico.

Aug. 10, 1955.

Donald D. Hallam, Hobbs, for appellant.

Richard H. Robinson, Atty. Gen., Santiago E. Campos, Hilario Rubio, Asst. Attys. Gen., for appellee.

McGHEE, Justice.

The defendant appeals from conviction and sentence upon an information charging that he did "unlawfully have in his possession implements or things adapted, designed, or commonly used for the commission of burglary, for the commission of larceny, safe-cracking or other crimes, under circumstances evincing an intent to use or employ or allow the same to be used or employed in the commission of a crime, or knowing that the same are intended to be so used, contrary to Section 41–908, New Mexico Statutes Annotated 1941 Compilation. * * *"

The defendant filed a motion to quash the information on the grounds that the act upon which it was founded, Ch. 63, Laws of 1925, our present § 40–9–8, 1953 Comp., was void by reason of unconstitutionality, which motion was overruled. Following trial and conviction the defendant was sentenced to serve not less than eight nor more than ten years in the state penitentiary.

This appeal relates solely to the constitutionality of Ch. 63, Laws of 1925, which, including the title, reads as follows:

"An Act Defining the Crime of Making, Causing to be Made or Possessing Any Implements or Things Adapted, Designed or Commonly Used for the Commission of Burglary, Larceny, Safe-Cracking or Other Crime and Providing a Penalty Therefor.

"Section 1. It shall be unlawful for any person to make or mend, or cause to be made or mended, or to have in his possession in the day or night-time, any engine, machine, jimmy, tool, false key, pick-lock, bit, nippers, nitro-glycerine, dynamite cap, dynamite, or other explosive, fuse, steel wedges, drill, tappins, or other implements or things adapted, designed or commonly used for the commission of burglary, larceny, safe-cracking, or other crime, under circumstances evincing an intent to use or employ or allow the same to be used or employed in the commission of a crime, or knowing that the same are intended to be so used.

"Sec. 2. Any person guilty of a violation of this Act shall be deemed guilty of a felony and shall, upon conviction

thereof, be punished by a fine of not less than $500.00 nor more than $5,000.00 or by imprisonment in the state penitentiary for a term of not more than ten years, or both in the discretion of the court." (Section 2, immediately above, appears as § 40-9-9, 1953 Comp.)

The defendant contends first that the offense declared by this act is not the making, mending or possession of the implements named with criminal intent to use or allow them to be used in the commission of a crime, but such making, mending or possession, etc., under *"circumstances evincing an intent* to use or employ or allow the same to be used or employed in the commission of a crime, or knowing that the same are intended to be so used", and that this offense is not encompassed in the title of the act, so that it does not comply with Art. IV, § 16, of our Constitution.

Second, it is contended that the act grants to the judiciary powers reserved to the legislature and is, therefore, an unlawful delegation of power, in that in determining what circumstances do and do not offend against the act the courts have power to prescribe in each case a different offense against the State of New Mexico.

Third, it is argued that since the state is not required by the act to prove criminal intent, but need only show possession of the tools or articles enumerated under circumstances evincing an intent to use or employ

them in the commission of a crime, that the act is void for indefiniteness and uncertainty under Art. II, § 18, of our Constitution.

All of the defendant's challenges to the constitutionality of the act rest upon an interpretation of the act, as generalized, that the crime is made out in the possession of the instruments under "circumstances evincing an intent" to use them in the commission of a crime. However, if, as contended by the Attorney General, the crime consists of the act of possession of, making, mending, or causing to be made or mended the implements described, plus criminal intent, all of these challenges collapse—the phrase emphasized by the defendant then becomes merely a directive one that criminal intent may be shown by evidence of circumstances.

The problem is one of construction. We said in State v. Shedoudy, 1941, 45 N.M. 516, 524, 118 P.2d 280, 285:

"Generally speaking, when an act is prohibited and made punishable by statute only, the statute is to be construed in the light of the common law and the existence of a criminal intent is to be regarded as essential, although the terms of the statute do not require it. State v. Blacklock, 23 N.M. 251, 167 P. 714; Smith v. State, 223 Ala. 346, 136 So. 270; State v. Hefflin, 338 Mo. 236, 89 S.W.2d 938, 103 A.L.R. 1301; Youngs Rubber Corp. v. C. I. Lee & Co., 2 Cir., 45 F.2d 103. But the legis-

lature may forbid the doing of an act and make its commission criminal, without regard to the intent with which such act is done; but in such case it must clearly appear from the Act (from its language or clear inference) that such was the legislative intent. Masters v. United States, 42 App.D.C. 350, Ann.Cas.1916A, 1243.

"It follows that whether a criminal intent is to be regarded as essential, is a matter of construction, to be determined from a consideration of the matters prohibited, and the language of the statute, in the light of the common law rule. State v. Blacklock, supra; State v. Hefflin, supra; Youngs Rubber Corp. v. C. I. Lee & Co., supra; 22 C.J.S., Criminal Law, § 30; 14 A.J., Criminal Law, Sec. 24."

In that case it was held that criminal intent was a necessary ingredient of the crime of selling, transferring, encumbering, etc., or otherwise disposing of property of the value of $100 or more, taken under a conditional sale contract, contrary to the provisions of the contract, and without the written consent of the owner. Another case of similar import is State v. Nance, 1927, 32 N.M. 158, 252 P. 1002.

In the present statute, there is not only an absence of language or inference to clearly indicate criminal intent is not required, but there is the language: "under circumstances evincing an intent to use or employ or allow the same to be used or employed in the commission of a crime, or knowing that the same are intended to be so used." This shows the legislature did not intend the offense to be one *malum prohibitum*. A consideration of the subject-matter of the statutory crime leads unerringly to the same conclusion. As said in Dennis v. United States, 1951, 341 U.S. 494, 499, 71 S.Ct. 857, 862, 95 L.Ed. 1137: "The structure and purpose of the statute demand the inclusion of intent as an element of the crime." See, also, Morissette v. United States, 1952, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288, for a discussion at length of the principles of construction involved and history of their employment.

The trial court instructed the jury that specific criminal intent was an element of the crime which the state must prove beyond a reasonable doubt. As stated above, no objection is raised by defendant to any matter pertaining to his trial, other than the constitutional questions considered.

The conviction and sentence appealed from should be affirmed, and it is so ordered.

COMPTON, C. J., and LUJAN, SADLER, and KIKER, JJ., concur.