348 P.2d 484

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Earl BIBBINS, Defendant-Appellant.**

**No. 6632.**

Supreme Court of New Mexico.

Jan. 11, 1960.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

364

Blythe & Norvell, Clovis, for appellant.

Hilton A. Dickson, Jr., Atty. Gen., Carl P. Dunifon, Asst. Atty. Gen., for appellee.

McGHEE, Chief Justice.

The appellant was convicted of knowingly uttering a forged instrument with intent to defraud and was sentenced to a term in the penitentiary. He seeks a reversal on the grounds that the trial court erred in denying his motion for a directed verdict, and that the evidence introduced against him is insufficient to support the verdict of guilty which was returned by the jury.

The record in the case establishes the following:

1. That the defendant cashed the check for $25 at Levines' store in Clovis after he had presented his chauffeur's license for identification, and received therefor some merchandise and cash. He claimed that the maker of the check had given it to him in payment for three days of work.

2. That the purported signer of the check did not have an account in the bank on which it was drawn.

3. That the bank declined to honor the check.

4. That the defendant told the sheriff of Curry County that the work he had performed for the drawer of the check was, in part, hauling scrap lumber from one part of Clovis to another, and also hauling trash to a place where it had been dumped.

5. Some ten days after he had cashed the check he was taken from the jail by the sheriff to the places where the trash and lumber had been picked up, as well as unloaded, and the sheriff testified that he had been unable to discover any evidence of the materials being picked up or unloaded.

6. That the defendant had previous felony and misdemeanor convictions.

7. That the sheriff was unable to find anyone in Clovis who knew the purported signer of the check, T. J. Harris.

The trial court correctly instructed the jurors that before they could return a verdict of guilty it must have been proved to their satisfaction and beyond a reasonable doubt that, among other things, the check was forged.

There is ample evidence that the maker of the check did not have an account in the Clovis bank on which it was drawn, but there is not one iota of evidence that it was a forgery.

Both points urged as grounds for reversal must therefore be sustained and the conviction reversed and the cause remanded to the district court with instructions to set aside the verdict and sentence, and to discharge the defendant.

It is so ordered.

DAVID W. CARMODY and MOISE, JJ., concur.

COMPTON, J., dissenting.

CHAVEZ, J., not participating.

COMPTON, Justice (dissenting).

While the evidence is circumstantial, I deem it substantial. A true picture of appellant is reflected by his previous record. He had been convicted of three felonies and various misdemeanors. His first felony conviction was for burglary in 1937; the second was for burglary in 1945; and the third was for grand larceny in 1952.

When arrested, appellant was unable to give an account of Harris, only that the check was given in payment of three days work for Harris in doing yard work and hauling trash and scrap lumber. At the trial, he explained his failure to locate Harris by the fact that he had been in jail since his arrest shortly after the check was given. But this explanation does not stand up. The sheriff of Curry County testified that at appellant's request he had taken appellant to various places where he claimed to have worked for Harris. Appellant first directed the sheriff to take him to the Bella Vista Addition from which he had hauled trash and scrap lumber. Arriving there, the sheriff failed to find any evidence that appellant had performed work there of any kind. Actually the lot where appellant had directed him to go belonged to one Eastwood, which was used by Eastwood for the storage of equipment. Next, appellant directed the sheriff to go to the stock pens to a place immediately south of Clovis Branding Company Office where he had dumped the trash and scrap lumber. The sheriff and appellant looked over this area and found no signs that trash or scrap lumber had been dumped there. Finally, appellant directed the sheriff to take him to Swartzman Packing Company and Feed Pens were Harris "had hung arount there some." Inquiry at the feed pens disclosed that a person by the name of Harris was unknown there.

Being faced at the trial by these statements, appellant gave an entirely different story as to the places he had worked for Harris. He then testified that the work performed for and with Harris was in the 1100 block on Rencher Street, on property belonging to one Singleton, and that he had hauled the trash and scrap lumber to the "Old Lover's Lane" dump site where it was dumped. He testified further that he and another party, whose name he could not remember, did some hauling of grain for Harris to Farwell Pens. He also testified that the check was given to him at the Foster home at 416 West Second Street. On rebuttal, the sheriff testified that appellant never at any time while they were trying to locate Harris mentioned the fact that the check had been given to him at the Foster home, or that he worked for Harris in the 1100 block on Rencher Street, or that he had hauled feed to the Farwell Pens.

Besides all this, the sheriff and his deputies made an extensive and independent investigation in the Clovis area in an attempt to locate Harris, and this inquiry proved fruitless. And the personnel of the bank on which the check was drawn knew no such person.

Feeling that the majority has reached an erroneous decision, I dissent.