352 P.2d 781

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**John ROMERO, Jr., Defendant-Appellant.**

No. 6641.

Supreme Court of New Mexico.

May 27, 1960.

Blythe & Norvell, Clovis, for appellant.

Hilton A. Dickson, Jr., Atty. Gen., Carl P. Dunifon, Asst. Atty. Gen., Hilario Rubio, Asst. Atty. Gen., for appellee.

McGHEE, Chief Justice.

Appellant and Evelyn Potter were convicted below on an indictment charging

them with the crime of burglary. Defendant Potter did not appeal.

Although appellant has assigned several grounds of error, because of the disposition we make of the case, only one point will be considered, namely, whether the motion of the appellant Romero for a directed verdict, properly made and renewed, should have been granted.

The evidence showed that on the night of February 2, 1959, the home of one Mrs. Scott was broken into and entered and certain pieces of jewelry were removed; that on April 12, 1959, Captain Purcelley of the Clovis police, accompanied by Mrs. Scott, went to the room where the defendants lived, finding Potter there alone; that there was in this room a jewelry box belonging to Potter which contained certain jewelry; that Capt. Purcelley, with the permission of such defendant, removed the box to the police station where it was impounded.

Mrs. Scott testified that the jewelry box contained jewelry taken from her home on the night of February 2nd. The following testimony was elicited on cross examination of Mrs. Scott:

"Q. Now, what makes you accuse these defendants of taking the jewelry? Did you see them in the house? A. No, sir.

"Q. What do you know about the case that would lead you to believe they are guilty of taking the property or breaking into your house? A. Well, someone told my husband they did.

"Q. That is the only information you have that these people are the ones that took the jewelry? A. Yes."

The witness testified that she and her husband did not know and could not identify the person incriminating the defendant. No objection was made and this evidence was allowed to stand.

Captain Purcelley testified, in part, as follows:

"Q. When you were there the first time talking to Evelyn Potter, did she make any statements to you concerning the jewelry? A. She said John (defendant Romero) had brought the jewelry to her and given it to her.

"Q. Mr. Purcelley, were you present at a preliminary hearing in Judge Alona's court on the 27th day of this month? A. I was.

"Q. Did you hear Evelyn Potter testify at that time? A. I did.

"Q. Was John Romero present at that time? A. He was.

"Q. Did you hear any question by me directed to Evelyn Potter about where that jewelry came from? A. Yes, I did.

"Q. Do you remember what she testified under oath on the 20th day of April as to where this jewelry came

from? A. She said she bought it at Woolworths.

"Q. Had she given this information before? A. Negative, she didn't.

"Q. What did she say the first time you talked to her? A. She said John brought it to her and gave it to her.

"The Court: Was the defendant Romero present?

"The Witness: No, he was not.

"The Court: Ladies and gentlemen, you are not to consider this testimony for any purpose in arriving at a verdict in this case on the issue of the guilt or innocence of John Romero, Jr. It is withdrawn from your consideration for any purpose."

There is no further evidence tending to connect the appellant with the crime. There was evidence that the appellant pawned a steam iron shortly after the burglary, and that such an iron was stolen from the Scott residence on the night in question, but the two irons were never connected in any way, and the testimony of Potter that she purchased the pawned iron in Denver in 1953 is uncontroverted.

On this state of facts, we are asked to decide whether the court properly refused to direct a verdict in favor of the appellant.

■ In reviewing a conviction, this Court will view the testimony as a whole in the light most favorable to the state, resolving all conflicts therein and indulging in all permissible inferences in favor of the verdict of conviction. State v. Martinez, 1949, 53 N.M. 432, 210 P.2d 620, 626. Where, however, the evidence must be buttressed by surmise and conjecture, rather than logical inference in order to support a conviction, this Court, as final arbiter charged with the protection of civil liberties, cannot allow such conviction to stand. See State v. Bibbins, 1960, 66 N.M. 363, 348 P.2d 484.

■ In the instant case, striking from the record, as did the learned court below, the testimony of Potter that the appellant gave her the stolen jewelry, and accepting the evidence in favor of the state's case in its most favorable light, it appears that: appellant and Potter lived together in the same room; a jewelry box belonging to Potter and containing some of the stolen jewelry was found in that room; the witness Scott was told by her husband that some unidentified person told him that appellant and Potter committed the burglary.

Assuming, without deciding, that the unexplained exclusive possession of recently stolen goods may be substantial evidence on which to sustain a conviction—*compare* State v. Lott, 1936, 40 N.M. 147, 56 P.2d 1029, *with* State v. White, 1933, 37 N.M. 121, 19 P.2d 192—the first issue presented is whether, under the above state of facts, the state has shown exclusive possession of the stolen property by the appellant. We think not.

In State v. White, 1933, 37 N.M. 121, 124, 19 P.2d 192, 194, we stated:

"Possession of the fruits of crime * * * involves knowledge, dominion, and control, with power of disposal, or voice in the power of disposal, in the alleged possessor. * * *

" 'It would be carrying the rule too far to require one accused of crime to explain the possession of stolen property, when such possession could also, with equal right, be attributed to another. * * *' State of Idaho v. Frank Sullivan et al., 34 Idaho 68, 199 P. 647, 17 A.L.R. 902, at pages 907 and 908."

At best the state has shown that the appellant had constructive possession of the jewelry by virtue of occupying the same room in which it was found. There was no evidence showing or tending to show that the appellant had knowledge, control or voice in the power of disposal concerning the jewelry.

We are aware that the line of demarcation as to what constitutes a showing of possession in a case such as this may be tightly drawn. If the nature of the stolen objects or the circumstances surrounding them were such that it was reasonably likely that their presence would have been called to the attention of the appellant, a different conclusion might be reached. The case of State v. Oliver, 1946, 355 Mo. 173, 195 S.W.2d 484, furnishes a good contrast of an instance where substantial evidence of possession was shown. In that case, the defendant was convicted of burglary and on appeal assigned as error the insufficiency of the evidence to support the verdict. The court stated:

"The defendant's main point is that his possession was not exclusive. It is true that other members of the household had access to the stolen property, but it was also clearly proved that a part of the stolen property was on defendant's premises with his conscious knowledge; that he had worked on the radio; * * *

"To create an inference of guilt, the term 'exclusive' does not mean that the possession must be separate from all others provided there is other evidence to connect defendant with the offense. 12 C.J.S. Burglary, § 59 subsec. b, p. 738; * * *." Id., 195 S.W.2d at page 485.

Therefore, in the instant case, when possession was not clearly shown, the state failed to introduce evidence sufficient to permit the issue of guilt to go to the jury unless supported by other evidence.

The next issue, then, is whether the incriminating statement of the witness Scott added to the circumstances of possession was substantial evidence of the crime charged. Again, we think not. We have

held that hearsay, admitted without objection, is to be considered along with other evidence in determining whether there is substantial evidence to sustain a verdict on appeal, State v. Trujillo, 1955, 60 N.M. 277, 291 P.2d 315; State v. Hernandez, 1931, 36 N.M. 35, 7 P.2d 930; State v. Blacklock, 1917, 23 N.M. 251, 167 P. 714; and that hearsay evidence may have sufficient probative worth to support a verdict, Kitts v. Shop Rite Foods, 1958, 64 N.M. 24, 323 P.2d 282. However, this rule does not operate to make objectionable testimony conclusive proof of the matter asserted therein. The fact that it was hearsay does not prevent its use as proof so far as it has probative value, but this is limited to the extent of whatever rational persuasive power it may have. Mere rumor does not constitute substantial evidence. See Ferguson-Steere Motor Co. v. State Corp. Comm., 1957, 63 N.M. 137, 144, 314 P.2d 894, 899.

Viewed in light of the above rules, the testimony of Mrs. Scott that "somebody told my husband that they did it" is probably triple hearsay and reasonable men would find in it little, if any, probative value on the issue of the guilt of the appellant. We therefore conclude that there is not substantial evidence of record to sustain the conviction.

We deem it only fair to state that counsel appearing in this court did not appear below.

It follows from the foregoing that the court below erred in overruling the appellant's motion for a directed verdict, and the conviction is reversed, with instructions to set aside the verdict and sentence and discharge the appellant.

It is so ordered.

CARMODY, MOISE and CHAVEZ, JJ., concur.

COMPTON, J., dissenting.

COMPTON, Justice (dissenting).

For a clearer view of the case, I think more facts should have been stated in the opinion. There was a jewelry box containing numerous items of jewelry, a class ring, class bracelet, several bracelets, necklaces, and various sets of earrings. These items, except the jewelry box, were found in the home of appellant and his codefendant, and were positively identified by Mrs. Scott as belonging to her and having been taken from her home.

On cross-examination, the defendants propounded the following question to Mrs. Scott:

"Q. What do you know about the case that would lead you to believe they (the defendants) are guilty of taking the property or breaking into your house? A. Well, someone told my husband that they did."

While this is hearsay evidence, it was elicited by appellant himself and is part of the record without objection. We have held hearsay evidence to be substantial, as noted in the majority opinion.

Not only do we have this evidence, but the further evidence that appellant and his codefendant were found in possession of the stolen property and no attempt to explain such possession was made by appellant. The case of State v. Compton, 57 N.M. 227, 257 P.2d 915, cited by appellee, is ample authority on this question to sustain the judgment. Firmly believing the evidence presented a jury question, I dissent.