[No. 38208. Department Two. December 30, 1965.]

THE STATE OF WASHINGTON, *Respondent*, v. THOMAS RUSSELL JOHNSON, *Appellant*.*

*Torbenson, Thatcher, Stevenson & Burns,* for appellant.

*Charles O. Carroll* and *Robert E. Dixon,* for respondent.

PER CURIAM.—Defendant pleaded not guilty by reason of mental irresponsibility, but was nevertheless found guilty on three counts of burglary in the second degree. He appeals from the judgment and sentence and from the order denying his motion in arrest of judgment.

Defendant did not take the stand. His only witness, a psychiatrist, testified that in his opinion defendant was unable to distinguish right from wrong at the time of the alleged acts. On cross-examination the doctor testified that had it not been for the burglaries the defendant's mental condition was such that he would not have found him com-

*Reported in 409 P.2d 655.

mittable to a state hospital; that defendant was not schizophrenic; that he did not suffer from delusions or hallucinations; that liquor was a major factor in motivating defendant's behavior at the time of the burglaries.

Defendant urges on appeal—as was urged in *State v. Putzell*, 40 Wn.2d 174, 179, 242 P.2d 180 (1952)—that the verdict of the jury finding him guilty implicitly and necessarily finds that he was mentally responsible at the time of the burglaries, and that such finding is diametrically opposed to all of the undisputed testimony on the question of insanity; hence, it was error to deny defendant's motion in arrest of judgment and sentence. We agree with his thesis, but disagree with his conclusion.

No error is assigned to the court's instruction that:

> A plea of insanity or mental irresponsibility on behalf of the defendant having been interposed herein, the jury is instructed that every man is presumed to be sane and to intend the natural and usual consequence of his own acts. As the law presumes a man to be sane until the contrary is shown, I charge you that the burden of proving insanity as a defense to a crime is upon the defendant to establish by a preponderance of the evidence, and unless insanity is established by a fair preponderance of the evidence, the presumption of sanity must prevail.

█ It became the duty of the jury to consider the evidence and the law as given to it in the court's instructions. The jury was not bound by the conclusion of the doctor in answer to hypothetical questions. As the court said in *State v. Putzell, supra*:

> The ultimate conclusion, and the ultimate decision as to the sanity or insanity of appellant, upon all of the evidence in the case, and the law, as given to it by the court, was the responsibility of the jury.

The jury is not obliged to accept the psychiatric testimony unless it finds that the testimony overcomes the presumption of sanity as set forth in the court's unchallenged instruction, which we have quoted *supra*.

The judgment is affirmed.