412 P.2d 560

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Bennie FLORES, Defendant-Appellant.**

No. 8011.

Supreme Court of New Mexico.

March 28, 1966.

Richard C. Losh, Albuquerque, for defendant-appellant.

Boston E. Witt, Atty. Gen., George Richard Schmitt, Roy G. Hill, Asst. Attys. Gen., Santa Fe, for plaintiff-appellee.

NOBLE, Justice.

Bennie Flores, convicted of burglary and larceny, has appealed, urging violation of his constitutional guaranty against self-incrimination and insufficiency of the evidence to support a verdict of guilty.

Upon authority of State v. Miller, 76 N. M. 62, 412 P.2d 240, opinion filed March 14, 1966, the case must be reversed because the prosecution in its closing argument to the jury commented upon Flores' failure to testify in his own behalf, indicating that such failure could be construed as an indication of guilt. Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed. 2d 106; Tehan v. United States ex rel.

Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed. 2d 453 (U.S. Jan. 18, 1966).

We find defendant's contention that the evidence is wholly insufficient to support the verdict to be without merit. The defendant points to the fact that the evidence in this case is entirely circumstantial and argues that the recently stolen property found in defendant's apartment furnishes almost the sole basis for the conviction. It is firmly established in this jurisdiction that where circumstances alone are relied upon, they must point unerringly to the defendant and be incompatible with and exclude every reasonable hypothesis other than his guilt. Such circumstances must do more than raise a strong presumption of guilt. State v. Rice, 58 N.M. 205, 269 P.2d 751; State v. Easterwood, 68 N.M. 464, 362 P.2d 997; City of Raton v. Cowan, 67 N.M. 463, 357 P.2d 52.

Assuming, without deciding, as in State v. Romero, 67 N.M. 82, 352 P.2d 781, that the unexplained exclusive possession of recently stolen goods may be substantial evidence upon which to sustain a conviction—compare State v. Lott, 40 N.M. 147, 56 P.2d 1029 with State v. White, 37 N.M. 121, 19 P.2d 192—Flores challenges whether the state has shown exclusive possession of the stolen property (clothing) by him. We think it has. Relying strongly upon Territory v. Lermo, 8 N.M. 566, 46 P. 16; State

v. Romero, supra; and State v. White, supra, the defendant argues that one accused of crime is not required to explain the possession of stolen property when such possession could also be attributed to another. He points to the uncontroverted fact that one Pete Flores, a juvenile, occupied the apartment with him.

■ A proper determination of the issue thus depends upon the construction of the meaning of "exclusive" possession in such circumstances. If the unexplained possession of the stolen property found in defendant's apartment was within his "exclusive" possession, that circumstance coupled with other culpatory and incriminating circumstances is sufficient to sustain the conviction. See State v. Lott, supra; State v. White, supra; State v. Kinsey, 77 Utah 348, 295 P. 247. We adopted the Missouri court's definition of "exclusive" possession in State v. Romero, supra, by quoting the following from State v. Oliver, 355 Mo. 173, 195 S.W.2d 484, with approval:

" 'To create an inference of guilt, the term "exclusive" does not mean that the possession must be separate from all others provided there is other evidence to connect the defendant with the offense. * * *' "

And State v. White, supra, said:

" 'Possession of the fruits of crime * * * involves knowledge, dominion, and control, with power of disposal, in the alleged possessor. * * *' "

■ Because this case will no doubt be retried, we shall not comment upon the specific evidence further than to say that a careful review of the record discloses evidence to connect the defendant with the offense in addition to the possession of some of the stolen property. Furthermore, our review of the record discloses evidence that Bennie Flores not only had knowledge that the stolen property was in his apartment, but also that he had at least a voice in the power of its disposal.

■ The comment on defendant's failure to testify requires a reversal. The case will, accordingly, be reversed with instructions to vacate the verdict, judgment and sentence; to reinstate the cause on the docket; grant defendant a new trial; and to proceed further in a manner not inconsistent with this opinion.

It is so ordered.

CARMODY, C. J., and MOISE, J., concur.