427 P.2d 683

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Robert G. HINOJOS and Thomas H. Campos,
Defendants-Appellants.**

No. 32.

Court of Appeals of New Mexico.

April 28, 1967.

H. Elfred Jones, Carrizozo, Norman D. Bloom, Jr., Alamogordo, for appellants.

Boston E. Witt, Atty. Gen., Roy G. Hill, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

WOOD, Judge.

Defendants were convicted of burglary. They contend that the trial court erred in denying their motion for a directed verdict.

The motion raised the question of substantial evidence that supports, or reasonably tends to support, the charge. State v. Ferguson, 77 N.M. 441, 423 P.2d 872

(1967). In determining the question, we view the evidence in the light most favorable to the state, resolving all conflicts therein and indulging all permissible inferences in favor of the verdict of conviction. State v. Romero, 67 N.M. 82, 352 P.2d 781 (1960).

On June 28, 1966, around 4:30 or 5:00 P.M., defendants asked Robert Gutierrez if the Silver Dollar Bar had a night watchman and informed him they were going to break in. Defendants' car was a turquoise and white 1960 Buick. Around 5:00 P.M. and again at around 5:30 P.M., the cook at the Silver Dollar saw such a car, occupied by "two Spanish boys," drive by the Silver Dollar.

Joe Gutierrez drank beer with the defendants in two bars near Tinnie during the evening of June 28th. Defendants departed from Joe between 9:30 and 10:30 P.M. Joe saw defendants, in their car, about fifteen minutes later, driving in the direction of Tinnie. About 10:00 P.M. the cook at the Silver Dollar saw the car he had observed earlier. The car drove off the pavement onto the gravel in front of the Silver Dollar, traveling about ten miles per hour. The car was occupied by the same two people; the occupants were looking at the place.

The Silver Dollar Bar and Restaurant and Tinnie Mercantile (one establishment) at Tinnie in Lincoln County was entered some time that night. Entry was obtained through a window which was broken in the process. In the mercantile portion of the place, twenty-four carton of cigarettes were taken from beneath a counter, a cash register was broken into and its money taken, and a Carnation milk box was emptied of the milk and the box taken. In the Silver Dollar Bar, a locked cabinet was broken into and eighteen bottles of liquor were taken.

Defendants were staying in the home of Campos' sister in Roswell. They were arrested on June 29th after leaving this house, dressed in women's clothing. Cigar-ettes and liquor were found beneath the house. A Carnation milk box was found under a bed in one of the bedrooms. These items were identified as items taken from the store and bar.

Burglary is the unauthorized entry of a dwelling or other structure with intent to commit a felony or theft therein. Section 40A–16–3, N.M.S.A.1953.

Defendants contend that there is no evidence that they had entered the store and bar. They were in the vicinity on the afternoon and evening of the crime. They declared their intent to break in and inquired concerning a night watchman. The two occupants of a car, of the make, year model and color of defendants' car, were seen to be "looking at the place." Items taken from the store and bar were found at the place defendants were staying. From this evidence the jury could infer that defendants were the ones who entered the store and bar. See State v. White, 37 N.M. 121, 19 P.2d 192 (1933).

Defendants assert that it was never shown that they had dominion and control or in any way to have had actual possession of items stolen in the burglary. They claim that absent such a showing, the evidence was insufficient to go to the jury.

The state was not required to prove dominion, control or possession. In order to prove the crime of burglary, it was required to prove unlawful entry of a structure with the necessary intent. 2 Wharton's Criminal Law and Procedure §§ 406 and 410 (1957); see State v. Ocanas, 61 N.M. 484, 303 P.2d 390 (1956). Evidence of dominion, control or possession of the stolen property is admissible on the questions of entry and intent.

Thus, in a burglary prosecution, the Supreme Court has discussed the exclusive possession of recently stolen goods, State v. Romero, supra, and whether possession was exclusive, State v. Flores, 76 N.M. 134, 412 P.2d 560 (1966). Here, there is no question of exclusive possession—the

stolen items were found on property, the occupancy of which defendants shared with Campos' sister and family. At most, defendants had constructive possession of the stolen property. State v. Romero, supra. This constructive possession was one circumstance in the case—it was not the only circumstance as in State v. Romero, supra. This circumstance could be considered by the jury, along with other facts and circumstances. State v. Lott, 40 N.M. 147, 56 P.2d 1029 (1936).

Defendants next contend that the evidence against them was circumstantial and was not exclusively applicable to them; therefore, the evidence was insufficient.

Where circumstances alone are relied upon, they must point unerringly to the defendant and be incompatible with and exclude every reasonable hypothesis other than guilt. State v. Flores, supra; State v. Seal, 75 N.M. 608, 409 P.2d 128 (1965). The rule is not applicable; here, there is both circumstantial and testimonial evidence. See 1 Wigmore on Evidence §§ 24 and 25 (3rd ed. 1940).

The motion for a directed verdict was properly denied. The judgment and sentence is affirmed.

It is so ordered.

SPIESS and OMAN, JJ., concur.