483 P.2d 303

STATE of New Mexico, Plaintiff-Appellee,

v.

David TORRES, Defendant-Appellant.

No. 9078.

Supreme Court of New Mexico.

March 29, 1971.

Bruce C. Redd, Albuquerque, for defendant-appellant.

James A. Maloney, Atty. Gen., Frank N. Chavez, Ray H. Shollenbarger, Jr., Asst. Attys. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

McMANUS, Justice.

The defendant was charged with the crime of first-degree murder on December 20, 1961, by information duly filed. On February 20, 1962, defendant was granted a change of venue from San Juan County to McKinley County. A defense of not guilty by reason of insanity or mental defect was made. On March 2, 1962, the defendant was transferred to the Bernalillo County jail for a full and complete psychiatric examination. Again, on July 2, 1962, defendant was sent to the New Mexico State Hospital for the same examination. On December 5, 1962, an order was entered committing defendant to the New Mexico State Hospital. Defendant remained in the hospital until January 9, 1970, when a hearing was held in Santa Fe District Court. An order was entered finding the defendant was able to understand and participate and aid counsel in his own defense. The defendant was then tried on the charges and convicted of first-degree murder. On March 27, 1970, sentence was imposed on defendant that he be confined to the state penitentiary for the balance of his natural life. He was to be given credit for 8 years, 126 days, on said sentence. From this sentence the defendant appeals.

Basically, the defendant claims that there was not substantial evidence either for finding that he was sane at the time of the crime, or for justifying the charge of first-degree murder.

Certain lay witnesses testified on behalf of the State as to the normalcy of the defendant's conduct at times prior to and immediately after the crime. Furthermore, testimony of defendant's expert witnesses, and reasonable inferences deducible therefrom, does not point unequivocally to a finding of insanity. There was testimony that the defendant alternated between sanity and insanity by reason of uncontrollable impulses, and that at the time of the crime he could have been sane and did know right from wrong. Considering the testimony of both lay and expert witnesses, there was sufficient evidence to warrant a denial of the motion for a directed verdict of not guilty by reason of insanity. Compare State v. DiFraia, 250 A.2d 358 (R.I. 1969); State v. Johnson, 67 Wash.2d 671, 409 P.2d 655 (1965).

The defendant further alleges that the charge of first-degree murder should have been dismissed by the trial court. However, one of the expert witnesses, a psychiatrist, testified that the defendant told him that he had intended to rob the victim's drugstore and the shooting occurred while he was so engaged. This testimony was not objected to and was therefore properly before the jury. State v. Romero, 67 N.M. 82, 352 P.2d 781 (1960). Because there was evidence to the effect that the killing occurred while the defendant was in the commission of or an attempt to commit robbery, there was evidence from which the jury could have found that the homicide was committed while in the act of perpetrating a felony and the submission of the charge of first-degree murder became a statutory mandate. State v. Pace, 80 N.M. 364, 456 P.2d 197 (1969); State v. Ortega, 77 N.M. 7;

419 P.2d 219 (1966); State v. Turnbow, 67 N.M. 241, 354 P.2d 533 (1960).

Error is alleged by the defendant in the court's refusal to accept three requested instructions. The first requested instruction states:

"There has been testimony in this case that the Defendant David Torres was not of sound mind prior to the time of the incident in question here.

"If you believe that he was of unsound mind and insane prior to this incident the general presumption of sanity is dispelled, and a new presumption is raised that the insanity continued and that it existed at the time of the offense."

If error is to be claimed concerning a court's failure to give a requested instruction to a jury, such instruction must be a proper statement of the law. State v. Williams, 76 N.M. 578, 417 P.2d 62 (1966). The testimony referred to by the requested instruction does not raise a legal presumption at all, but only an inference of fact. Weihofen, Mental Disorder as a Criminal Defense, p. 230 (1954). Any evidence of prior insanity is admissible, but does not give rise to a presumption of continuing insanity and is merely another item for the jury's consideration.

The other two requested instructions read:

"The burden of proof is upon the state to prove that the defendant is sane beyond a reasonable doubt.

and

"The sanity of the accused must be proven by the State just like any other material fact necessary to prove the charges against the defendant.

"If you find that the State has not proven the defendant sane at the time the incident in question occurred and proven this by evidence that convinces you beyond a reasonable doubt then you must find the defendant not guilty of the charge by reason of insanity."

These instructions are also misstatements of the law. There is a presumption of sanity which must be rebutted by the defendant, whereupon the jury shall make its determination. State v. Lopez, 80 N.M. 599, 458 P.2d 851 (Ct.App.1969). The instructions tendered by the defendant are wrong in that they would place the burden as to defendant's sanity on the State.

The trial court did issue instructions which stated that the defendant had entered a not guilty plea and that the jury was to determine whether he was sane or insane at the time of the commission of the offense and, if insane, he was to be found not guilty.

The judgment of the trial court is affirmed.

It is so ordered.

OMAN and STEPHENSON, JJ., concur.