490 P.2d 1235

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Maurilio GARCIA, Defendant-Appellant.**

**No. 705.**

Court of Appeals of New Mexico.

Nov. 5, 1971.

Wycliffe V. Butler, Butler & Colberg, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Thomas L. Dunigan, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

COWAN, Judge.

Following a conviction of burglary under Section 40A–16–3, N.M.S.A.1953 (Repl. Vol. 6), defendant appeals.

We affirm.

The defendant asserts three points for reversal. Under Points I and II he complains that testimony regarding his use of narcotic drugs (heroin and methadone) and testimony of his prior convictions for petty larceny and misdemeanors was prejudicial and its introduction in evidence constituted reversible error. This testimony was elicited from the defendant on cross-examination by the State.

Our statutes provide: "A witness may be questioned as to whether he has been convicted of any felony or misdemeanor, * * *" § 20–2–3, N.M.S.A.1953 (Repl. Vol. 4), and "The credit of a witness may be impeached by general evidence of bad moral character not restricted to his reputation for truth and veracity; * * *" § 20–2–4, N.M.S.A.1953 (Repl. Vol. 4).

"The trial court is allowed a broad discretion in controlling the extent of cross-examination of an accused directed at testing his credibility. The primary responsibility is on the trial court to determine

when the cross-examination should be limited, because the legitimate probative value on the credibility of the accused is outweighed by its illegitimate tendency, effect or purpose to prejudice him as a defendant. The discretion of the trial court in making this determination will not be disturbed on appeal, unless the appellate court can say the trial judge's action was obviously erroneous, arbitrary and unwarranted." State v. Williams, 76 N.M. 578, 417 P.2d 62 (1966).

It is a long established rule that the bad moral character of a witness, including the accused when a witness in his own behalf, may be shown for the purpose of attacking credibility through securing from the witness on cross-examination admissions of specific acts of misconduct. The extent of cross-examination in this regard is controlled through the exercise of the trial court's discretion and, absent claimed abuse thereof, this court will not review the matter. State v. Holden, 45 N.M. 147, 113 P.2d 171 (1941); State v. Hargrove, 81 N.M. 145, 464 P.2d 564 (Ct.App.1970). The cases on which defendant relies, State v. Lord, 42 N.M. 638, 84 P.2d 80 (1938) and State v. Alberts, 80 N.M. 472, 457 P.2d 991 (Ct.App.1969), are distinguishable on their facts.

■ Under his Point III defendant urges that the failure of the trial court to rule on his motion for continuance constituted reversible error.

Trial was set for January 6, 1971. On December 30, 1970, the defendant filed a motion for continuance but proceeded to trial, after having announced ready and without renewing his motion or invoking a ruling by the trial court on the motion previously filed.

To preserve a question for review it must appear that a ruling or decision by the trial court was fairly invoked. Supreme Court Rule 21–2–1(20) (2), N.M.S.A.1953 (Repl. Vol. 4); Mitchell v. Allison, 54 N.M. 56, 213 P.2d 231 (1949); State v. Faulkenberry, 82 N.M. 553, 484 P.2d 773 (Ct.App.1971). In addition to his failing

to preserve this question for review, no prejudice has been shown or argued by the defendant. Error, to warrant reversal, must be prejudicial. State v. Williams, supra.

There being no error in the record, the judgment and sentence of the trial court is affirmed.

It is so ordered.

WOOD, C. J. and HENDLEY, J., concur.