516 P.2d 697

STATE of New Mexico, Plaintiff-Appellee,

v.

Robert Nick LANDLEE and Jose Robert
Sedillo, Defendants-Appellants.

No. 1091.

Court of Appeals of New Mexico.

Nov. 14, 1973.

Charles P. Reynolds, Albuquerque, for defendant-appellant Landlee.

Robert H. Borkenhagen, Coors, Singer & Broullire, Albuquerque, for defendant-appellant Sedillo.

David L. Norvell, Atty. Gen., Jay F. Rosenthal, Sp. Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HERNANDEZ, Judge.

Defendants were convicted of larceny of property having a value in excess of $100.00 but less than $2500.00. Section 40A–16–1, N.M.S.A.1953 (2d Repl.Vol. 6). Both defendants appeal and assert two points of error: (1) that the evidence does not show conclusively that the property taken had a value in excess of $100.00 and (2) that the trial court erred in permitting the owner of the store to testify as to the number of items taken when a written inventory and purchase records could have shown the exact extent of the loss.

We affirm.

On April 5, 1972 defendant Sedillo entered a plumbing supply store and spoke to an employee, a Mrs. Pino, about possible employment. After a lengthy. conversation with Mrs. Pino he left the store by the front entrance. Shortly thereafter, defendant Landlee entered the store, made a similar request for employment and after a conversation with Mrs. Pino proceeded to leave the store by way of the parts storage area in the rear of the building, an area normally reserved for the exclusive use of employees. Mrs. Pino watched Landlee leave the store, observed him pick up a box of "flex connectors" and continue out the rear door. She also noticed that he had made a pouch out of the bottom of his shirt and was carrying objects in this pouch. After Landlee got the box outside the store, Sedillo was observed helping Landlee load the box into an automobile. Both defendants then got into the automobile and drove away.

(1) *The value of the merchandise taken.*

At trial the state established the number of items taken and the value of these items by the testimony of an owner of the store, Mr. Buckwald. While Mr. Buckwald was not present in the store at the time of the theft he was called immediately thereafter. He returned to the store and "began taking inventory of what was missing at the time." He determined that, in addition to the box of flex connectors, many of the items taken were loose plumbing fittings and connectors which had been stored in "bin boxes" in the parts supply area of the store. Mr. Buckwald testified that he was quite familiar with the store's parts inventory, that he did "about ninety-nine percent of the buying" and that he filled the bins himself within three to four days prior to the theft. He further testified that he determined the number of loose items missing by the difference between the number he recalled as being in the bin boxes prior to the theft and the number in the bins when he took the inventory immediately after the theft. He also checked with the sales personnel and

the store's plumbers and determined that there had been no sales of loose fittings or withdrawals of fittings by the plumbers in any large amounts between the time he last filled the bins and the time of the theft.

Mr. Buckwald established the value of the loss by testifying to the wholesale cost of each item taken. He established the number of the items taken as a range ("five to six dozen") rather than as a precise number because it was impossible to determine exactly the number of loose fittings taken.

Defendants argue that Mr. Buckwald's testimony was speculative as to the number of items taken and therefore an exact value cannot be placed on the total amount of merchandise taken. They also claim that his testimony is. "wholly circumstantial" and "does not point unerringly at appellants as the perpetrators of a larceny of more than . . . $100.00. . . ."

Defendants' argument fails because Mr. Buckwald's testimony was neither speculative nor circumstantial. His testimony was direct evidence of the items taken and their value based upon his own knowledge. As just stated he knew how many items were in the bins before the theft and how many were left, after checking to determine that no large quantity had been sold or used in the interim.

Furthermore, since all permissible inferences are drawn in favor of the verdict, State v. Hinojos, 78 N.M. 32, 427 P.2d 683 (Ct.App.1967), we prefer to calculate the value of the merchandise stolen by adopting the approach used by the trial court, i. e., to use the lowest number in each range of missing items testified to by Mr. Buckwald. A minimum of 22 flex connectors with a wholesale value of $2.60 each were taken resulting in a total of $57.20. Mr. Buckwald testified that a minimum of eighteen copper sink fittings were taken at a per item cost of $1.00 each for a total. of $18.00. He further stated that there were at least twelve bins containing the various loose valves and compression stops. Each of these bins contained at least ten such

items before the theft and contained an average of two such items after the theft. He stated that "[f]ive to six dozen" valves were taken at a minimum wholesale cost of $1.25 each. If a minimum of 60 loose fittings were taken, that number multiplied by $1.25 gives a total of $75.00. The value of all the items taken, using the minimum figures provided by Mr. Buckwald, is approximately $150.00—well over the $100.00 value required for conviction under § 40A–16–1, supra. We conclude that there was substantial evidence to support the conviction for a theft of goods of a value over $100.00.

(2) *The use of Mr. Buckwald's testimony to establish the number of items taken.*

██ ██ Defendants argue that the trial court should not have permitted Mr. Buckwald to testify to the number of items taken "when there was available evidence that would establish exactly the number of missing items and their value." They further contend that Mr. Buckwald's testimony violated the "best evidence" rule because he stated "that he had taken an inventory . . . and that he purchased the resupply of stock. . . ." These statements, the defendants argue, ". . . presuppose a written inventory and purchase records, which the state should have been required to produce."

We find no merit in these contentions for two reasons: First, there was no evidence adduced at trial which would indicate that a document or documents existed which would conclusively settle the question of the exact number of items missing. Mr. Buckwald testified that an inventory was taken at the first of the year. The theft occurred in April. Stock was purchased and sold in between. Furthermore, the plumbers employed by the store were free to draw on the stocks to replenish their supplies at will of which no record was kept. Second, assuming arguendo the existence of a document or documents which would show the exact number of items missing, ". . . the best evidence rule applies only in those situations where parties seek to prove a writing for the purpose of establishing its terms. In such an instance the instrument itself is the best evidence." Hilligoss v. State, Ind., 255 N. E.2d 101 (1970). The state did not attempt to prove the contents of any document or documents. There was no basis for application of the best evidence rule here. Mr. Buckwald was competent to testify as to the items taken and their value because these facts were within his own knowledge.

The judgment and sentence are affirmed.

It is so ordered.

SUTIN, J., concurs.

WOOD, C. J., specially concurring.

WOOD, Chief Judge (specially concurring).

This should be an unpublished memorandum opinion. The first point is a long evidentiary discussion. The issue is actually disposed of by the last paragraph of point (1). There is no reason to discuss the "best evidence" rule in point (2) since there are no facts providing a basis for such a discussion. As to the rule, see Rule 1002, New Mexico Rules of Evidence, and the Advisory Committee Comment to Rule 1002 of the proposed Rules of Evidence for United States Courts and Magistrates.

I concur only in the result.