520 P.2d 872

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Joe Fidel BACA, Defendant-Appellant.**

**No. 1359.**

Court of Appeals of New Mexico.

March 13, 1974.

Robert H. McBride, Casados, McBride & Robinson, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Jay F. Rosenthal, Sp. Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

SUTIN, Judge.

Defendant was convicted of residential burglary in violation of § 40A–16–3, N.M. S.A.1953 (2nd Repl.Vol. 6). He appeals. We affirm.

Defendant contends error (1) in admission of photograph in lieu of items themselves; (2) in allowing evidence of prior felony conviction of defendant; and (3) in refusal of requested instruction.

(1) *The photograph was admissible.*

Defendant was indicted for entering a dwelling house without authority or permission with intent to commit a theft therein. Unlawful entry and a description of items stolen were proven beyond a reasonable doubt. The was sufficient to sustain the conviction.

The photograph taken by the police of the items stolen merely corroborated the testimony of the police. "A relevant reason for admitting evidence is corroboration of a witness." State v. Wright, 84 N.M. 3, 5, 498 P.2d 695, 697 (Ct.App.1972).

Defendant contends the photograph was contrary to the best evidence

rule. The best evidence rule applies to situations where a document is proved for the purpose of establishing the content of the document. Under the rule, the original of the document is required. See State v. Landlee, 85 N.M. 726, 516 P.2d 697 (Ct. App.1973), and Advisory Committee's Note to Proposed Rules of Evidence for United States Courts and Magistrates. Assuming a photograph comes within the best evidence rule, the rule requires the original of the photograph. Compare §§ 20–4–1001 through 20–4–1004, N.M.S.A.1953 (Repl. Vol. 4, Supp.1973). No claim is made that the photograph in this case was not the original. The best evidence rule did not bar admission of the photograph.

(2) *Prior felony conviction of defendant was admissible.*

■ The defendant contends that the admissibility of evidence of a prior conviction was prejudicial. Rule 609(a) through (c) of the New Mexico Rules of Evidence [§ 20–4–609(a), (b), (c), N.M.S.A.1953 (Repl.Vol. 4, 1973 Supp.)] provides for the admissibility of a prior conviction to attack the credibility of a witness if the crime was punishable by imprisonment in excess of one year, and if the conviction has not been the subject of a pardon, annulment or·certificate or rehabilitation.

Defendant admitted he was convicted of burglary for which he served five years and was paroled in 1970 or 1971. Section 20–4–609(b), supra.

The prior conviction was admissible within the confines of the trial court's discretion. Section 20–4–403, N.M.S.A.1953 (Repl.Vol. 4, Supp.1973). Compare State v. Garcia, 83 N.M. 262, 490 P.2d 1235 (Ct. App.1971); State v. Sibold, 83 N.M. 678, 496 P.2d 738 (Ct.App.1972). We find no abuse of discretion.

(3) *Refusal of defendant's requested instruction was not erroneous.*

■ Defendant requested the trial court to instruct the jury that "Mere presence at the scene of a burglary, when not coupled with other culpatory or incriminating circumstances, does not alone suffice to justify a verdict of guilty."

The record shows defendant was not only seen at the door of the residence in question, but that the door and door knob were bent and pried open and defendant was seen carrying. items out of the residence. Defendant's presence at the scene was coupled with sufficient evidence to justify the verdict of guilt. The evidence does not support the above instruction.

The refusal to give the instruction was not erroneous. State v. Rodriguez, 84 N. M. 60, 499 P.2d 378 (Ct.App.1972).

Affirmed.

It is so ordered.

WOOD, C. J., and HENDLEY, J., concur.