720 P.2d 314

In the Matter of the Request of the Circuit Court of Cook County, Illinois, for a Parental Home Study:

STATE of New Mexico, ex rel., HUMAN SERVICES DEPARTMENT, Appellant,

v.

Honorable James T. MARTIN, District Judge, Appellee.

No. 8189.

Court of Appeals of New Mexico.

April 29, 1986.

Mick I.R. Gutierrez, Sp. Asst. Atty. Gen., Asst. Gen. Counsel, Human Services Dept., Las Cruces, for appellant.

Joseph M. Holmes, Pickett, Bates & Holmes, Las Cruces, for appellee.

## OPINION

HENDLEY, Chief Judge.

Pursuant to NMSA 1978, Section 40–10–21(A) (Repl.Pamp.1983), the trial court ordered the Human Services Department (HSD) to perform a social study of the home of a resident of New Mexico who is involved in custody litigation in Cook County, Illinois. The case was brought to the trial court's attention when it received a letter from the Cook County Department of Supportive Services (DSS). The letter enclosed a copy of an order entered in the Illinois litigation which "referred [the matter] to Cook County Department of Supportive Services for home study investigation of the home of defendant in Lombard, Illinois and home of plaintiff in New Mexico." Upon receipt of the trial court's order, HSD filed a motion for relief from the order for homestudy. A hearing was held on HSD's motion. At the hearing, the court accepted as facts that the Illinois litigation involved private parties in private litigation and that HSD did not have funds in its budget to do the type of home study involved in this case. The trial court denied HSD's motion.

HSD contends that Section 40–10–21(A) is inapplicable because there was not a proper request from the Illinois court. HSD also contends that the trial court's order violates the anti-donation clause of N.M. Const. art. IX, Section 14. We disagree with HSD's first contention and find

**280**

that the second contention has not been preserved. Accordingly, we affirm.

■ Section 40–10–21(A) provides that, "Upon request of the court of another state, the district courts of New Mexico . . . may order social studies to be made for use in a custody proceeding in another state." HSD contends that the order of the Circuit Court of Cook County "referring" the matter to DSS, together with DSS's request of the New Mexico court, does not amount to a "request of the court of another state."

HSD's argument elevates form over substance and, accordingly, is not persuasive. *Cf. Doe v. State,* 91 N.M. 51, 570 P.2d 589 (1977); *State ex rel. Department of Human Services v. Doe,* 103 N.M. 260, 705 P.2d 165 (Ct.App.1985); *Hughes v. State ex rel. Human Services Department,* 95 N.M. 739, 626 P.2d 276 (Ct.App.1980). The purpose of the section in question is to allow the courts of this state to give help to out-of-state courts in custody cases. Unif. Child Custody Jurisdiction Act, Commissioners' Note, § 20, 9 U.L.A. 164 (1979 and Supp.Pamp.1986). The section is part of a series of sections designed to fill the vacuum which inevitably exists in cases involving child custody in which the litigants live in different states. 9 U.L.A., *supra* p. 161, § 18, Commissioners' Note. The way this vacuum is filled is by courts cooperating with one another in providing information and mutual assistance. *See* NMSA 1978, § 40–10–2(H) (Repl.Pamp.1983).

The Illinois court referred the matter to an appropriate agency in that state, directing that a home study be done in New Mexico. The agency then requested relief from the New Mexico court. In a sense, DSS was simply acting as an agent of the Illinois court. The request was initiated by the Illinois court. Under these circumstances, the trial court properly exercised jurisdiction to enter the order directing that HSD make the home study.

■ HSD next argues that the order in question violates the anti-donation clause of our constitution. *See* N.M. Const. art. IX, § 14. Neither the anti-donation clause nor the state constitution generally was mentioned below. HSD did point out to the trial court that the Illinois litigation was private litigation between private parties. However, this was in the context of HSD's argument that it was prohibited by rule from conducting social studies in the absence of allegations of neglect or abuse. HSD's rule argument has not been briefed on appeal. Therefore, it is abandoned. *Novak v. Dow,* 82 N.M. 30, 474 P.2d 712 (Ct.App.1970).

■ In order to preserve a question for review, a trial court ruling has to be fairly invoked. NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.R. 308 (Repl.Pamp. 1983). *See also State v. Casteneda,* 97 N.M. 670, 642 P.2d 1129 (Ct.App.1982); *State v. Garcia,* 83 N.M. 262, 490 P.2d 1235 (Ct.App.1971). The requirement of preservation applies equally to constitutional questions. *City of Portales v. Shiplett,* 67 N.M. 308, 355 P.2d 126 (1960). HSD, by mentioning the private nature of the Illinois litigation only in the context of its rule argument and by never mentioning the anti-donation clause of the constitution, has waived any argument that the trial court's order violates the anti-donation clause.

Affirmed.

IT IS SO ORDERED.

BIVINS and GARCIA, JJ., concur.