903 P.2d 254

Norbert THOMASSON, Petitioner–
Appellant,

v.

Carmen JOHNSON, Respondent–Appellee.

No. 14773.

Court of Appeals of New Mexico.

Aug. 31, 1995.

Norbert Thomasson, Florence, Colorado, pro se.

Carmen Johnson, Albuquerque, New Mexico, pro se.

## OPINION

FLORES, Judge.

Father, acting pro se, appeals the denial of his motion for modification of child support. Three issues are raised on appeal: (1) whether the district court erred in refusing to modify Father's child support obligation due to Father's incarceration; (2) whether the district court's decision denied Father equal protection of the law; and (3) claim of ineffective assistance of counsel. We affirm the district court's decision.

### BACKGROUND

The child, M.J.I., involved in this case was born in 1983. Mother and Father were never married, but shared joint custody of the child until an order issued on February 26, 1990, awarded sole custody of the child to Mother and suspended Father's visitation rights. This order was a result of an incident involving Father disciplining the child and being reported to the Human Services Department by the child's physician. In the district court's order filed in February 1990, Father was ordered to pay $400 per month in child support. Prior to that order, in December 1989, a warrant was issued for Father's arrest, charging him with offenses related to narcotics possession and distribution. Father became a fugitive and, during this time, he married and had at least two other children. Because Father, at the time of the district court's order, was still a fugitive, the district court reserved jurisdiction to modify the child support award retroactively to February 1, 1990.

Father was eventually apprehended and has been in federal prison since January 1991. Father expects to be released in 1995. Father filed a motion to reopen the case on November 18, 1992, which was granted. On December 21, 1992, Father filed a motion to retroactively modify the child support to $50 per month from the February 1990 order, claiming that his income had been drastically curtailed due to his incarceration. A special master was appointed to review the motion to modify support. The special master found that: (1) Father became voluntarily involved in criminal activity; (2) Father had minimal income; (3) Father had previous earnings between approximately $18,000 and $20,000; (4) Father had the capacity to earn $1667 per month on the date of the February order; and (5) there had been no material and substantial changes in circumstances to warrant modification of the child support award.

Father filed objections to the special master's report stating that: (1) his income was approximately $15 per month; (2) in addition to that income, he had a modest inheritance from his father that was being managed by his mother; and (3) he was involuntarily incarcerated.

The district court adopted the special master's findings, adding that Father had received an inheritance from his father and he had not shown himself to be indigent. The district court further concluded that it would be contrary to law and public policy to allow Father to elect a course of criminal conduct and, in so doing, be relieved of judgment in the form of his child support obligation. Father simultaneously filed a notice of appeal from the district court's order as well as proposed findings and conclusions in the district court. The district court denied Father's proposed findings and conclusions due to loss of jurisdiction caused by the filing of the notice of appeal. Father appeals.

*DISCUSSION*

■ The district court, in denying Father's motion to modify, stated that "[t]he record indicates that [Father] now has minimal income, however, [Father] has received an inheritance from his father" and Father made no showing that he is indigent. Father presented no evidence to the district court regarding his inheritance from his father, its original amount, or its status at the time of the hearing. Father merely testified that it was a small inheritance; he was not sure how much remained; but, he thought it was just about gone. The district court's order indicates that the district judge did not believe Father's testimony regarding his inheritance. *See Sanchez v. Homestake Mining Co.,* 102 N.M. 473, 476, 477, 697 P.2d 156, 159, 160 (Ct.App.1985) (trier of fact weighs testimony, determines credibility of witnesses, and determines where the truth lies). On appeal, Father attempts to introduce an affidavit from his mother regarding the amount of the inheritance. However, such affidavit is not of record and cannot be reviewed on appeal. *See Graham v. Cocherell,* 105 N.M. 401, 404, 733 P.2d 370, 373 (Ct.App.1987) (appellate court is limited to questions presented to and ruled on by district court); *see also Jemko, Inc. v. Liaghat,* 106 N.M. 50, 55, 738 P.2d 922, 927 (Ct.App.1987) ("It is improper to attach to a brief documents which are not part of the record on appeal.").

In addition to the inheritance, Father had additional sources of income while he was a fugitive (work at nursery and car lot plus some savings; sold two trucks and a car). Father also testified that he had other assets that were sold by his wife while he was incarcerated.

■ Modification of child support is within the discretion of the district court. *Henderson v. Lekvold,* 95 N.M. 288, 292, 621 P.2d 505, 509 (1980). On appeal, our review of the denial of a motion for modification is limited to whether there was substantial evidence to support the findings and whether the district court abused its discretion. *See Spingola v. Spingola,* 91 N.M. 737, 742, 580 P.2d 958, 963 (1978). The burden is on Father to show that circumstances have changed so as to allow modification of sup-

port. *See DeTevis v. Aragon,* 104 N.M. 793, 801, 727 P.2d 558, 566 (Ct.App.1986). The district court's order denying Father's motion to modify child support implicitly indicates that Father failed to satisfy his burden of proof. Similarly, based on the record before us, we believe the district court could determine that Father failed to prove that the amount of child support originally to be paid was not commensurate with the support guidelines or that the continuation of the amount of support was unjustified despite his incarceration. *See Boone v. Boone,* 90 N.M. 466, 467, 565 P.2d 337, 338 (1977) (there is a presumption in favor of provisions of prior decree); *Talley v. Talley,* 115 N.M. 89, 91, 847 P.2d 323, 325 (Ct.App.1993) (district court can consider potential income and examine any assets that could produce such income).

■ Father also argues that incarceration alone provides grounds for modification of the child support. The district court stated in its decision that public policy does not warrant modification of support where one willfully commits criminal acts.

Although we agree with Father that an individual's incarceration may provide a basis in a proper case for modifying an order for the payment of child support, nevertheless, under the record before us, we think the district court could reasonably determine that Father's child support obligations should not be changed. While incarceration is a factor to be considered, proof of incarceration standing alone does not demonstrate an inability to pay support. *See, e.g., Wills v. Jones,* 102 Md.App. 539, 650 A.2d 736, 742 (1994), *cert. granted* (May 15, 1995); *In re Marriage of Willis,* 314 Or. 566, 840 P.2d 697, 699 (1992) (en banc).

In a majority of cases involving an incarcerated parent, courts look at various factors in determining whether modification of child support is warranted. For example, courts look at whether the parent possesses assets or other sources of income which would allow payment of child support. *See Clemans v. Collins,* 679 P.2d 1041, 1041–42 (Alaska 1984) (if defendant was found to have assets, modification of support would not be allowed);

*Kuronen v. Kuronen,* 499 N.W.2d 51, 54 (Minn.Ct.App.1993) (assets in 401K plan sufficient to pay support), *review denied* (June 22, 1993); *In re Marriage of Willis,* 840 P.2d at 699 (modification allowed where defendant had no assets). Other courts have considered the ability of the incarcerated parent to earn income in the past and in the future. *See In re Marriage of Hamilton,* 857 P.2d 542, 544 (Colo.Ct.App.1993) (court can consider likelihood of parent's future income); *Oberg v. Oberg,* 869 S.W.2d 235, 238 (Mo.Ct. App.1993) (court considered past earnings and potential future earnings in deciding whether modification should be allowed).

Some courts have considered the length of a defendant's incarceration. *See Wills,* 650 A.2d at 742 (in case where defendant had no assets, district court considered amount of arrears upon release and decided to allow modification of support); *Oberg,* 869 S.W.2d at 238–39 (even though defendant had no assets, support could be paid upon release where remaining incarceration was only two years). Still other courts have looked at such factors as the best interests of the child and the unclean hands doctrine. *See Russell v. Russell,* 106 N.M. 133, 137–38, 740 P.2d 127, 131–32 (Ct.App.1987) (party seeking equitable relief must do equity); *People ex rel. Meyer v. Nein,* 209 Ill.App.3d 1087, 154 Ill. Dec. 436, 436–37, 568 N.E.2d 436, 436–37 (1991) (court would not say that anyone convicted of a crime lacks clean hands); *In re Marriage of Vetternack,* 334 N.W.2d 761, 763 (Iowa 1983) (court reasoned that children still need to be fed, clothed, and provided for, despite parent's incarceration); *In re Marriage of Phillips,* 493 N.W.2d 872, 877–78 (Iowa Ct.App.1992) (where father had no assets, district court refused to allow modification where father came to court with unclean hands, the act was voluntary, and the best interests of the child would not be served by modification); *Ohler v. Ohler,* 220 Neb. 272, 369 N.W.2d 615, 618 (1985) (court reasoned that defendant's violation of a criminal statute was directly related to his obligation to pay child support so that defendant had unclean hands and that best interests of the child would not be served by allowing modification of support); *Koch v. Williams,* 456 N.W.2d 299, 301 (N.D.1990) (modification not allowed where court found that incarceration was voluntary and defendant had unclean hands).

Courts have also differed in their views of whether the criminal act (and resulting incarceration) is a voluntary or involuntary act and that difference has been a factor taken into account in several cases. Here, Defendant argues that his incarceration was involuntary. However, whether the criminal act and incarceration are determined to be voluntary or involuntary, the majority of courts have regarded incarceration to be only one factor to consider when addressing a motion to modify child support. *See In re Marriage of Phillips,* 493 N.W.2d at 877–78 (even though court considered act voluntary, assets of defendant considered); *Noddin v. Noddin,* 123 N.H. 73, 455 A.2d 1051, 1053 (1983) (court found that defendant's voluntary wastage of his talents created his financial condition, but determined that defendant's assets could be used for support); *Peters v. Peters,* 69 Ohio App.3d 275, 590 N.E.2d 777, 778 (1990) (court found that incarceration was not voluntary and remanded to lower court for hearing to determine defendant's assets).

■ In this case, Father's criminal act was deliberate and that act carried with it known consequences which included incarceration. Father's incarceration is for a relatively short period of time and his support obligation covers only approximately 40 months, due to the adoption of the child by Mother's husband. Further, Father has proven marketable skills. As we stated above, there was evidence that Father had assets such as an inheritance and other property that was sold by his wife, and he did not show that these assets were insufficient. In addition, public policy in New Mexico supports the result in this case that support payments should accrue while Father is incarcerated. *See* NMSA 1978, § 40–4–11.1(C)(1) (Repl. Pamp.1994) (income defined as including "potential income if unemployed or underemployed"); *see also D'Avignon v. Graham,* 113 N.M. 129, 134–35, 823 P.2d 929, 934–35 (Ct. App.1991) (strong public policy in New Mexico is to make support of minor children paramount).

*OTHER ISSUES RAISED ON APPEAL*

Father also argues that the district court's denial of his motion to modify child support violates equal protection of the law, impermissibly discriminates against individuals who are incarcerated, may subject him to contempt of court for nonpayment of child support following his release from prison, and further subjects him to punishment when he is already being punished. Father also contends that his retained attorney failed to present evidence concerning the amount of Father's inheritance and testimony bearing on his inability to pay child support. In this regard, Father argues this information could have been obtained by his attorney, but that he failed to do so. We find these arguments unpersuasive.

In advancing each of these arguments, Father has failed to show that these contentions were properly preserved for purposes of appeal. *See Cockrell v. Cockrell,* 117 N.M. 321, 323, 871 P.2d 977, 979 (1994) (to preserve trial error for appeal it is necessary to call the claimed error to attention of district court); *State v. Lucero,* 104 N.M. 587, 590, 725 P.2d 266, 269 (Ct.App.1986) (to preserve an issue for appeal, appellant must make a timely objection that specifically apprises the district court of the nature of the claimed error and invokes a ruling thereon); *State ex rel. Human Servs. Dep't v. Martin,* 104 N.M. 279, 280, 720 P.2d 314, 315 (Ct.App.1986) (the requirement of preservation of error for appellate review applies equally to constitutional questions). Moreover, Father's sentence and incarceration is based on criminal acts totally unrelated to the proceeding in the civil action herein. As observed in our discussion of Father's first point on appeal, the fact that a person is sentenced to serve a term of imprisonment does not automatically relieve that individual from the obligation to pay child support. Instead, the burden is upon Father to show that he is unable to pay such support. *DeTevis,* 104 N.M. at 801, 727 P.2d at 566; *see also Nelson v. Nelson,* 82 N.M. 324, 327, 481 P.2d 403, 406 (1971) (inability to pay is a valid defense but burden of proving such defense rests upon party asserting it).

*CONCLUSION*

Based on the foregoing, we hold that, under the circumstances of this case, modification of child support is not warranted. Therefore, we affirm the decision of the district court.

**IT IS SO ORDERED.**

DONNELLY and BUSTAMANTE, JJ., concur.