This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**SARAH A. PARR,**

Petitioner-Appellee,

v.                                                                                    **NO. 29,348**

**JOSEPH M. ERIDON,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Elizabeth Whitefield, District Judge**

Lorenz Law
Alice T. Lorenz
Albuquerque, NM

for Appellee

Atkinson & Kelsey, P.A.
Patrick L. McDaniel
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

Respondent-Appellant Joseph Eridon (Father) appeals the district court's order

denying his motion to modify child support based upon a substantial change in circumstances, pursuant to NMSA 1978, Section 40-4-11.4(A) (1991). We affirm the district court.

**BACKGROUND**

On January 28, 2008, Father and Petitioner-Appellee Sarah Parr (Mother) entered into a marital settlement agreement (MSA), which included the parties' agreements regarding legal and physical custody of their two minor children, child support, alimony, division of property, and assumption of debt. The MSA incorporated the New Mexico Child Support Guidelines. The parties agreed to base child support "on a compromised figure for [Father's] average gross monthly income of $4,550 and on [Mother's] average gross monthly income of $10,992." Pursuant to the child support guidelines for those income levels, the parties agreed that Mother would pay $800 per month in child support to Father beginning on June 1, 2008. The parties further agreed that child support would automatically reduce to $500 per month on June 1, 2009, when the elder child reached the age of majority. Finally, the MSA awarded the marital residence and other property to Father "[a]s a compromise distribution of the community property." The district court incorporated the MSA into the judgment and final decree of dissolution of marriage on February 1, 2008.

On June 30, 2008, Father filed a motion to modify child support and alleged that a substantial change in circumstances had occurred based upon an increase in Mother's income. Mother filed a response to the motion to modify child support on July 18, 2008, denying that a substantial change in circumstances had occurred. Both parties submitted requested findings of fact and conclusions of law to the district court. On December 8, 2008, the district court conducted an evidentiary hearing on Father's motion to modify child support.

The district court entered an order denying Father's motion to modify child support on January 26, 2009. The court found that the MSA provided that the first exchange of financial income was scheduled to occur by February 15, 2009, and that Father filed a motion to modify child support on June 30, 2008, four months after the final decree was entered. The court determined that "[t]he gravamen of [Father's] complaint was [that] he was not provided with true income information by [Mother]" at the time of settlement. Additionally, the parties disagreed regarding how to calculate Mother's income for purposes of determining whether a substantial change in circumstances had occurred. The district court concluded that the MSA clearly indicated that "child support was based upon compromised income figures for both [Father] and [Mother]," and further determined that child support guidelines were

3

followed "[b]ased upon the income figures agreed to by the parties." The court found that other claims were compromised to reach a global settlement agreement, including Mother's giving up $300,000 in separate funds as part of the property distribution. Additionally, the district court concluded that Father "either knew or should have known of [Mother's] interest, dividend[,] and capital gains information when he entered into the MSA," and that Father agreed to the compromised income figures with the advice of counsel. The court found that Father's testimony that the settlement agreement did not cover "undisclosed income" was not credible.

After considering both testimony and evidence regarding the parties' income for 2006 to 2008, the district court concluded that there had been no material change in circumstances since the final decree was entered in February 2008. The court reasoned that Mother's income, including dividends, interest, and capital gains, had not changed significantly. The court further concluded that the MSA was enforceable and that future child support calculations would include Mother's interest and divided income, but not capital gains. As a result, the district court denied Father's motion to modify child support, and Father now appeals that determination.

**DISCUSSION**

Father appeals the district court's denial of his motion to modify child support

based upon the following alleged errors: (1) the district court abused its discretion in determining that no substantial change in circumstances occurred; (2) the district court abused its discretion in excluding Mother's capital gains from her income for child support purposes; and (3) the district court erred by determining that Mother's capital gains income would be excluded from future child support calculations. We consolidate our analysis of the first two issues because they are based upon the same general allegation: The district court improperly excluded capital gains from its calculation of Mother's income, and consequently, abused its discretion by determining that no substantial change in circumstances occurred. The third issue is addressed separately.

**A.      Calculation of Income Pursuant to the MSA**

As a preliminary matter, we interpret the MSA to determine how the parties agreed to calculate income for child support purposes. "Marital settlement agreements are contracts executed by divorcing spouses setting forth the present and future obligations of the parties." *Cortez v. Cortez*, 2009-NMSC-008, ¶ 1, 145 N.M. 642, 203 P.3d 857. Interpretation of an unambiguous contract is a question of law that we review de novo. *Smith & Marrs, Inc. v. Osborn*, 2008-NMCA-043, ¶ 10, 143 N.M. 684, 180 P.3d 1183. Similarly, we review de novo a district court's determination that

the language of a contract is ambiguous. *Weddington v. Weddington*, 2004-NMCA-034, ¶ 19, 135 N.M. 198, 86 P.3d 623. If ambiguity exists and the district court's interpretation is both consistent with the language of the agreement as a whole and supported by the record, "we review [a district] court's resolution of the ambiguity for abuse of discretion." *Id.*

The disputed portion of the MSA states that "[s]upport [was] based on a compromised figure for [Father's] average gross monthly income of $4,550 and on [Mother's] average gross monthly income of $10,992." Father argues that the district court abused its discretion in determining that both Father's and Mother's incomes were based upon compromised figures and that the parties agreed that Mother's income would not include capital gains. In contrast, Mother argues that the district court correctly determined that both parties' incomes were based upon compromised figures and that Mother's compromised income did not include capital gains.

We determine that the MSA is ambiguous regarding whether the word "compromised" applies to both Father's and Mother's income and whether Mother's income included capital gains. Consequently, we review the district court's resolution of that ambiguity for abuse of discretion and determine whether the court's interpretation is both consistent with the language of the agreement as a whole and

6

supported by the record. *Weddington*, 2004-NMCA-034, ¶ 19.

Additional provisions of the MSA indicate that the parties made compromises regarding property distribution such that Father received as his separate property the entire equity in the marital residence. Moreover, Mother testified that at the settlement conference, the parties agreed to calculate child support based upon her income from interest and dividends and that capital gains would not be included. Mother further testified that her compromised income figure was part of a global settlement in which Father received marital property that included her separate assets of approximately $300,000, and Mother agreed to take on more tax responsibility. Additionally, at the time of settlement, Father had filed joint tax returns with Mother for 2004 to 2006, and Father had also received investment statements from Mother from 2007. These documents clearly indicated that Mother's income, including capital gains, exceeded the $10,992 monthly average income agreed upon by the parties to calculate child support. Finally, an accountant testified that Mother's monthly average income excluding capital gains was approximately $10,300 at the time of settlement. Consequently, based upon the language of the MSA as a whole and the evidence in the record, we conclude that the district court did not abuse its discretion in determining that the parties agreed to a calculation of Mother's income

upon a compromised income figure that did not include capital gains.

Father also argues that the district court erred by admitting parol evidence concerning the parties' interpretation of the terms of the MSA where there was no ambiguity and where the integration clause contained in the MSA provided that it, together with the incorporated documents, constituted the entire understanding of the parties. First, we recognize that Father failed to preserve or raise this argument below and did not object to testimony regarding the meaning of the settlement agreement. Absent proper preservation, we will not consider the issue. *See Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273 (determinating that absent citation to the record regarding where the party invoked the district court's ruling or "any obvious preservation, we will not consider the issue"). Secondly, we note that "[w]hile extrinsic evidence is inadmissible to contradict, and perhaps even to supplement, the terms of an integrated agreement, it is admissible to *explain* the terms of the agreement." *Ruggles v. Ruggles*, 116 N.M. 52, 69, 860 P.2d 182, 199 (1993). Finally, we conclude that the MSA was ambiguous regarding whether Mother's monthly gross income of $10,992 was a compromise figure and that the district court did not abuse its discretion in resolving that ambiguity. As a result, we affirm the district court on this issue.

**B.    Motion to Modify Child Support Based Upon a Substantial Change in Circumstances**

Father argues that the district court improperly excluded capital gains from its calculation of Mother's income, and consequently, abused its discretion by determining that no substantial change in circumstances occurred. Father argues that a substantial change in circumstances occurred based upon the difference between Mother's compromised income as stated in the January 2008 MSA, which excluded capital gains, and Mother's average monthly income, including capital gains, as reported on tax returns for years 2005 through 2008. In effect, Father argues that Mother's income was improperly calculated in the January 2008 MSA and that a recalculation of Mother's income would result in a substantial change in Mother's child support obligation.

"Modification of child support is within the discretion of the district court." *Thomasson v. Johnson*, 120 N.M. 512, 514, 903 P.2d 254, 256 (Ct. App. 1995). However, the district court's "discretion must be exercised in accordance with the child support guidelines." *Mintz v. Zoernig*, 2008-NMCA-162, ¶ 17, 145 N.M. 362, 198 P.3d 861 (internal quotation marks omitted). "On appeal, our review of the denial of a motion for modification is limited to whether there was substantial evidence to support the findings and whether the district court abused its discretion." *Thomasson*,

9

120 N.M. at 514, 903 P.2d at 256. "Substantial evidence is such relevant evidence that a reasonable mind would find adequate to support a conclusion." *Landavazo v. Sanchez*, 111 N.M. 137, 138, 802 P.2d 1283, 1284 (1990). When applying the substantial evidence standard, "[w]e indulge every presumption in favor of the correctness of the findings, conclusions, and judgment of the district court." *Sanchez v. Saylor*, 2000-NMCA-099, ¶ 12, 129 N.M. 742, 13 P.3d 960. "[T]he question is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached." *Romero v. Parker*, 2009-NMCA-047, ¶ 26, 146 N.M. 116, 207 P.3d 350 (internal quotation marks and citation omitted). Finally, "[t]o the extent that Father's appeal requires us to determine questions of law, we review these questions de novo." *Klinksiek v. Klinksiek*, 2005-NMCA-008, ¶ 4, 136 N.M. 693, 104 P.3d 559.

The district court "may modify a child support obligation upon a showing of material and substantial changes in circumstances subsequent to the adjudication of the pre-existing order." Section 40-4-11.4(A). A presumption of a material and substantial change in circumstances occurs if application of the child support guidelines "would result in a deviation upward or downward of more than twenty percent of the existing child support obligation and the petition for modification is

filed more than one year after the filing of the pre-existing order." *Id.*

Initially, we note that Father's argument regarding the inclusion of Mother's capital gains in calculating her income appears to attack the January 2008 MSA, which could be properly raised in a motion to set aside the child support provisions of the MSA, pursuant to Rule 1-060(B) NMRA. *See Edens v. Edens*, 2005-NMCA-033, ¶¶ 13-22, 137 N.M. 207, 109 P.3d 295 (reviewing the district court's denial of the husband's motion to set aside the MSA based on an alleged misrepresentation of the wife's financial situation and capability during mediation). However, Father only argues that he seeks a modification of child support based on a substantial change of circumstances and does not seek to set aside the MSA. We analyze the case as it has been presented by the parties and based upon the relief Father seeks.

Father argues that a substantial change in circumstances occurred based upon the difference between Mother's income as stated in the January 2008 MSA and Mother's average monthly income, including capital gains, for tax years 2005 through 2008. A presumption of a substantial change in circumstances does not apply because Father's June 2008 motion to modify child support was not "filed more than one year after the filing of the pre-existing order" in February 2008. Section 40-4-11.4(A).

Father does not dispute the lack of a presumption of a substantial change in circumstances, but instead argues that he has overcome the presumption based upon an actual showing of a substantial change in circumstances.

We conclude that substantial evidence supports the district court's determination that no substantial change in circumstances had occurred since the entry of the pre-existing child support order in February 2008. At a hearing on December 8, 2008, the district court considered testimony and evidence regarding Mother's income from 2006 through October 2008 to determine whether a substantial change in circumstances had occurred since the final decree was entered on February 1, 2008. We assume without deciding that the district court also considered any changes that occurred after the June 2008 motion to modify was filed and before the hearing on the motion in December 2008. For purposes of this appeal, our consideration of either time period does not change the result. After the final decree was entered on February 1, 2008, the parties filed their 2007 joint income taxes, Mother began receiving approximately $139 per week in wages, and Mother's investments resulted in approximately $127,000 in capital gains. However, an accountant testified that Mother's income from interest and dividends in 2007 was actually about $2,500 less than in 2006. The accountant further testified that for both 2006 and 2007, Mother's

average monthly income from interest and dividends was between approximately $10,000 and $10,300 per month. Similarly, the accountant testified that Mother's average monthly income from wages, interest, and dividends in 2008 was approximately $10,300 per month. Consequently, the district court determined that Mother's current average monthly income, as calculated pursuant to the MSA, would not result in a substantially higher child support obligation than her pre-existing child support obligation, as stated in the MSA.

Furthermore, even if capital gains were considered in Mother's income, we conclude that substantial evidence supports the district court's determination that no substantial change in circumstances occurred. Based upon the exhibits presented and testimony at the hearing, Father argues that Mother's income including capital gains was $280,128 in 2006, $287,406 in 2007, and $230,559 for January through October 2008. However, even if we assume without deciding that Father's calculations are correct, we still conclude that the district court did not abuse its discretion in determining that Mother's income, including dividends, interest, and capital gains, had not changed substantially since the pre-existing order was entered in February 2008.

Father argues that pursuant to the statutory guidelines for modification of child support, the district court erred by excluding the 2007 and 2008 capital gains from

Mother's income for the purposes of calculating her child support obligation. As defined in the child support guidelines, "income" means actual gross income "from any source and includes but is not limited to income from . . . interest, trust income, annuities, [and] capital gains." NMSA 1978, § 40-4-11.1(C)(1) & (2) (2008). However, "[t]he adoption of the guidelines did not nullify the requirement that a parent show a substantial change in circumstances before a district court can modify the parent's support obligation." *Bustos v. Bustos*, 2000-NMCA-040, ¶ 15, 128 N.M. 842, 999 P.2d 1074. A claim that the pre-existing child support order was too low pursuant to the statutory guidelines does not provide a substantial change in circumstances to support modifying child support. *See Mintz*, 2008-NMCA-162, ¶ 19 (determining that no substantial change in circumstances had occurred when the mother's current income was approximately the same as her income when the pre-existing order was entered); *see also Perkins v. Rowson*, 110 N.M. 671, 672-75, 798 P.2d 1057, 1058-62 (Ct. App. 1990) (reversing the district court's granting of the father's motion to modify child support to impute income to the mother pursuant to the child support guidelines because based on the record, the factual circumstances of the parties had not changed substantially since the pre-existing order was entered); *see also Clayton v. Trotter*, 110 N.M. 369, 371, 796 P.2d 262, 264 (Ct. App. 1990)

14

(determining that a motion to modify child support based upon a claim that the original child support obligation was too low did not support modification because a substantial change in circumstances had to have occurred since the pre-existing order was entered). Similarly, we determine that the district court appropriately denied Father's motion to modify child support because Mother's income had not changed substantially since the pre-existing order was entered in February 2008, regardless of whether or not capital gains were included as part of her income.

Consequently, we conclude that substantial evidence supports the district court's denial of Father's motion to modify child support based upon its determination that no substantial change in circumstances occurred.

## C. **Exclusion of Capital Gains Income From Future Child Support Calculations**

Father also argues that the district court erred by determining that Mother's capital gains income shall be excluded from future child support calculations. A calculation of future child support is only speculative at this time and is not before this Court. This Court will not presume that the district court will fail to follow the law regarding the calculation of future child support. Therefore, we will not attempt to speculate regarding the future circumstances of the parties or issue an advisory opinion regarding the circumstances for a proper calculation of child support. *See*

15

*Insure N.M., LLC v. McGonigle*, 2000-NMCA-018, ¶ 27, 128 N.M. 611, 995 P.2d 1053 (concluding that this Court "will not issue an advisory opinion in the absence of a justiciable issue"). We do, however, note that "[i]t is well established that child support orders may be modified." *Mintz*, 2008-NMCA-162, ¶ 18. Consequently, as the district court determined, the parties are required to exchange income information annually, and nothing in the district court's order prevents Father from filing a future motion to modify child support based upon a substantial change in circumstances that might occur.

**CONCLUSION**

For the foregoing reasons, we affirm the district court's order denying Father's motion to modify child support.

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

16

_____

**JAMES J. WECHSLER, Judge**


_____

**ROBERT E. ROBLES, Judge**

17