This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

**Plaintiff-Appellee,**

**v.** No. 33,803

**NATALIE MASCARENAS,**

**Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Darren Kugler, District Judge**

Gary K. King, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

Almanza Abrams, P.A.
Jared Abrams
Las Cruces, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1}    Defendant appeals her convictions for encouraging violation of probation, parole, or bail, contrary to NMSA 1978, Section 30-22-18 (1963). We issued a notice of proposed disposition proposing to affirm, and Defendant has responded with a motion to admit an affidavit, a memorandum in opposition, and a renewed motion to review conditions of release pending appeal. We have carefully reviewed Defendant's submissions. However, for the reasons discussed in this Opinion and in the notice of proposed disposition, we deny the motion to admit the affidavit; construe a portion of the memorandum in opposition as a motion to amend the docketing statement and deny that motion; deny the motion to review conditions of release as moot; and affirm Defendant's convictions.

{2}    We first address the motion to admit the affidavit. Defendant has submitted to this Court the affidavit of an employee who provides security at the courthouse where Defendant was tried. The affidavit indicates that at an early point during Defendant's trial, a sign was placed in front of the courtroom reading, "DO NOT ENTER VOIR DIRE & OPENING STATEMENTS IN PROGRESS." [Mot. to Admit Aff. Exh. 1] Defendant contends this affidavit proves that these portions of her trial were not open to the public, in violation of her constitutional rights. *See State v. Turrietta*, 2013-NMSC-036, ¶¶ 14-19, 308 P.3d 964 (discussing constitutional right to public trial). However, this affidavit was not presented to the district court at any time, and we

2

cannot consider it on appeal. *See, e.g.*, *Thomasson v. Johnson*, 1995-NMCA-109, ¶ 6, 120 N.M. 512, 903 P.2d 254 (holding that an affidavit that was not before the district court was not of record and could not be reviewed on appeal). As we discuss in this Opinion, Defendant's "closure of the courtroom" argument must be first presented to the district court before it may be reviewed on appeal, whether that review is provided by this Court or the Supreme Court. We therefore deny the motion to admit the affidavit as part of the record in this appeal.

{3}     The first issue argued in the memorandum in opposition is based on the affidavit that Defendant has attempted to place before this Court. That issue was not raised in the docketing statement; we therefore construe Defendant's argument as a motion to amend the docketing statement. However, for the reasons set out here we deny that motion because the issue Defendant attempts to raise is not viable on the record that is currently before this Court. *See State v. Sommer*, 1994-NMCA-070, ¶ 11, 118 N.M. 58, 878 P.2d 1007 (denying a motion to amend the docketing statement because the argument sought to be raised was not viable).

{4}     This Court is a court of review and not a fact-finding court. Therefore, we may not consider evidentiary materials that were not before the district court at the time the judgment was entered. *See Thomasson*, 1995-NMCA-109, ¶ 6. Defendant attempts to evade this general rule by pointing out that the improper closure of a courtroom

3

constitutes structural error that need not be preserved to be raised on appeal. [8/7/14 MIO 7] We agree that the right to a public trial may implicate the structural-error doctrine. *See Turrietta,* 2013-NMSC-036, ¶ 14 (suggesting same, although not clearly deciding the issue). This does not mean, however, that a defendant may raise the issue for the first time on appeal where the necessary facts were not developed below.

{5}     Even where fundamental rights are concerned, or issues are allowed to be raised for the first time on appeal, an adequate factual record must have been developed below; otherwise, the defendant will be required to pursue some type of remedy in district court before attempting to raise the issue at the appellate level. *See, e.g.*, *Garcia v. State*, 2010-NMSC-023, ¶ 28, 148 N.M. 414, 237 P.3d 716 (discussing fact that effective assistance of counsel is a fundamental right, but must be pursued through a habeas corpus proceeding if the facts necessary to decide the issue are not part of the record on appeal); *State v. Wood*, 1994-NMCA-060, ¶ 19, 117 N.M. 682, 875 P.2d 1113 (pointing out that even though a double jeopardy defense may be raised at any time, including for the first time on appeal, a factual basis supporting the defense must be present in the record). In this case, the claim was not raised below and there are no facts in the district court record supporting Defendant's claim. Furthermore, the evidence submitted by Defendant to this Court does not establish as a matter of law that her constitutional rights were violated. The mere presence of the

sign described in the affidavit raises more questions than it answers. For example, was anyone actually turned away by the sign? Does that matter for purposes of the constitutional right in question? Was the courtroom closed only after the proceedings had already begun, so spectators had an opportunity to enter prior to the commencement of the proceedings? Again, does that matter for purposes of Defendant's constitutional right, or does the Constitution require a court to allow spectators to come and go as they please during a trial? These questions and perhaps others must be answered by the district court, after the State has an opportunity to weigh in on them, before Defendant's courtroom-closure claim may be addressed at the appellate level, with a full record to review. At this point, therefore, the issue Defendant attempts to raise is not viable on the record properly before us, and we deny her motion to amend the docketing statement to raise the issue.

**{6}** Defendant renews her argument that her due process rights were violated when the jury was given identical jury instructions for three different counts, all charging her with the offense of encouraging violation of probation, parole, or bail, and all naming the same date as the date of commission of the offenses. Defendant again suggests the jury was confused by the identical instructions and may have thought the identical dates in the instructions were typographical errors.

5

{7}      In the notice of proposed disposition, we discussed the fact that Defendant did not object to the instructions below and thus failed to preserve this issue for appeal. We therefore proposed to review the issue only for fundamental error. *See State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134 (stating that where no error was preserved regarding a jury instruction, the appellate court's review is only for fundamental error). In doing so, we first proposed to hold that the jury in this case was ultimately not confused by the identical instructions, because a question submitted by the jury during deliberations identified at least three separate acts by Defendant that would constitute violations of the encouraging-violation-of-probation statute. [CN 5] We next proposed to hold that, even if some juror confusion had occurred, there was no miscarriage of justice in this case. We pointed out that the State presented evidence of a number of different ways in which Defendant encouraged the probationer to violate the conditions of her probation. [CN 5-6] The jury found Defendant guilty of three counts of that offense, and the three convictions were supported by the State's evidence, indicating that no fundamental error occurred. *See State v. Barber*, 2004-NMSC-019, ¶ 19, 135 N.M. 621, 92 P.3d 633 (holding, in the jury instruction context, that fundamental error is present where a plain miscarriage of justice has occurred).

**{8}** In the memorandum in opposition, Defendant does not address the fundamental error aspect of the analysis contained in the notice of proposed disposition. Instead, Defendant argues only the first portion of the fundamental error test as it is applied to jury instructions—that the instructions would have confused or misdirected a reasonable juror. *See id.* We hold, however, that even if that is true, no fundamental error occurred in this case. As we pointed out in the notice, the jury's notes focused on at least three different ways in which Defendant was accused of violating the applicable statute, and the jury ultimately found Defendant guilty of three separate counts. Furthermore, we presume that the jury followed its instructions and limited its consideration to events that occurred on or about December 11, 2011. Finally, we note that Defendant does not argue there was insufficient evidence to convict her of three separate counts of encouraging violation of probation. We therefore decline to find that a miscarriage of justice occurred here, and we affirm Defendant's convictions.

**{9}** Due to the foregoing affirmance of Defendant's convictions, her renewed motion for release pending appeal is moot, and we deny it on that basis.

**{10}** **IT IS SO ORDERED.**

_____

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**


_____

**CYNTHIA A. FRY, Judge**